19073

Raymond K. McKENZIE, Respondent, v. Elizabeth S. McKENZIE, Appellant.

(175 S. E. (2d) 628)

*Messrs. Richard M. Kennedy, Jr.,* and *Robert G. Price,* of Columbia, *for Appellant,*

*Messrs. Arrowsmith & Jackson,* of Florence, *for Respondent,*

July 6, 1970.

BRAILSFORD, Justice.

This action for divorce, brought by the husband against the wife in the Court of Common Pleas for Florence County, was tried by reference. The master recommended that the husband be granted a divorce on the ground of physical cruelty, that the wife be denied alimony, that she be denied any interest in the husband's property, and that the husband be awarded custody of a minor daughter. Upon hearing the wife's exceptions to the report, the circuit judge concurred in the master's findings with respect to the granting of a divorce and the custody of the minor child. However, he awarded the wife alimony of $250.00 per month and awarded her specified items of household furnishings and other personal property. So far as the record discloses, the wife did not except to the master's disallowance of her claim to an interest in the real estate to which the husband had title, and no issue as to this property was presented to or passed upon by the circuit judge. The wife has appealed to this court on a number of exceptions which are argued in the brief under four questions.

The wife first challenges the concurrent findings of the referee and circuit judge that her conduct amounted to physical cruelty within the meaning of the divorce statute. It appears that on the occasion relied upon the wife sought her husband out at a Florence social club, where he was seated at the bar with another couple. An argumnet ensued. As the husband was leaving the club, the wife took a pistol from her handbag and shot at him four times from close range. He was seriously wounded by one pistol ball which entered his chest. The wife seeks to justify this enormous battery on the ground of self-defense, a claim which finds scant support in her own testimony. We agree with the findings below that there was no justification for the shooting. We also agree that this case falls within the rule that a single act of physical cruelty which is "so severe

and atrocious as to endanger life," absent justification, will constitute ground for divorce. *Brown v. Brown,* 215 S. C. 502, 509, 56 S. E. (2d) 330, 334 (1949).

The wife next charges that the court erred in failing to award to her "any part of the property acquired by the parties during their twenty-five years of marriage." Two classes of property are involved, real estate and personal property in the family home. At the time of the final disruption of the marriage, the husband owned the residence, which had been acquired in 1962. He also owned a small tract of land in Florence County and three other residential lots in or near the city. The record is silent as to how or when these parcels were acquired. In claiming that the court erred in not awarding her an interest in this real estate, the wife's reliance is upon the doctrine that a wife who has made a material contribution toward the acquisition of property by her husband during coverture acquires an equitable interest therein which, according to some authorities, will be recognized on divorce. See 27B C. J. S., Divorce, § 293, p. 272 (1959); 24 Am. Jur. (2d), Divorce and Separation, Sec. 928, p. 1057 (1966). We need not examine this doctrine because, as has been seen, the point was not raised in the circuit court. It is well settled that an issue which has not been presented to or passed upon by the circuit court will not be considered here.

The wife next contends that the award made to her of a portion of the furnishings and personal property from the home was wholly inadequate, because, according to the brief, the "record on appeal overwhelmingly shows the vast majority of the parties' property was purchased by the wife or acquired from her family by inheritance." This assertion is not supported by the record. We quote from the order appealed from:

"The parties are in almost complete disagreement about the personal property in the home which they formerly occupied. It is, of course, impossible for anyone to make an abso-

lutely just and equitable disposition of the furniture and furnishings. However, the writer has studied the affidavits and counter-affidavits submitted by the parties and provides herein below what he considers to be a reasonable distribution of this personal property. * * *"

On this point, the record only contains excerpts from the testimony of the parties and an inventory submitted by the wife of the property claimed by her. The affidavits and counter-affidavits offered by the parties and relied upon by the court in arriving at its judgment are omitted. We have no sound basis for concluding that the circuit judge failed to make a just and reasonable distribution of the personal property in question.

The wife next contends that the award to her of $250.00 per month as alimony is grossly inadequate in the light of the husband's net worth and income and the standard of living to which the parties are accustomed.

The husband is a practicing attorney with a substantial income. The record does not indicate the value of his assets, but reflects liabilities of some $50,000.00. He has no income except from his law practice which apparently netted $22,-000.00 in 1968. We have no information as to other years. The referee and the circuit judge found that he is in straitened circumstances. The wife owns a farm from which she derives an annual income from $800.00 to $1,000.00.

The husband disclaimed any duty to pay alimony because of the wrong done to him by the wife, for which he has been awarded a divorce against her. The referee recommended that she be denied alimony on this ground. The circuit judge rejected this recommendation, stating:

"Here, the husband and wife have lived together for close to 25 years and she has borne him three children. In the writer's opinion, on the break-up of their tragic marriage, she should still be entitled to support. Unquestionably, the plaintiff's financial situation is straitened but his earnings

are substantial. To the writer it appears obvious that he will have to adjust his expenditures and it appears fair that such adjustment should not bear only to the detriment of his wife of many years. * * *

"The writer is well aware that any payment ordered will seem to the plaintiff to be oppressive and to the defendant to be inadequate. However, the writer believes it is fair and reasonable to order that the plaintiff pay $250.00 each month for the support of the defendant. Obviously, this will not maintain the defendant in the style to which she has been accustomed as the wife of the plaintiff. However, she is a woman of good ability and personality and she should be able to supplement her income and, by so doing, to increase her happiness and well-being."

" 'A wife is never entitled to alimony as a matter of course; it is entirely discretionary with the court to allow her such alimony as, under the circumstances, is reasonable, just, and right, taking into consideration the amount of the husband's property, the extent to which she contributed to the accumulation thereof, the ability of each to earn money in the future, and their conduct in the past.' * * *" *Murdock v. Murdock,* 243 S. C. 218, 224-225, 133 S. E. (2d) 323, 326 (1963).

"The allowance of alimony is a matter within the discretion of the trial judge, to be exercised in the light of the facts of each particular case, and will not be disturbed on appeal unless an abuse of discretion is shown. * * *" *Long v. Long,* 247 S. C. 250, 252, 146 S. E. (2d) 873, 875 (1966).

We are persuaded that in awarding alimony to the wife, and in fixing the amount thereof, the judge, in the judicious exercise of his discretion, carefully considered all relevant factors disclosed by the evidence. We are not persuaded that his conclusion was unwise or unjust. Certainly, no abuse of discretion has been shown.

The evidence indicates that the wife is an accomplished secretary and bookkeeper and raises the expectation that she

is capable of contributing substantially to her own support. Under the circumstances of this case the Court, quite properly, was influenced by this expectation in fixing the amount of the award. If this expectation should not be realized, despite good faith effort by the wife to secure employment, this would be tantamount to a change of condition, which would justify the circuit court in entertaining an application to review the award.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.