19800

Mary G. MOYLE, Respondent, v. Samuel B. MOYLE, Appellant
(204 S. E. (2d) 46)

*D. M. Winter, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-ville, *for Respondent,*

*D. M. Winter, Jr., Esq.,* of Columbia, *for Appellant,* in Reply.

April 3, 1974.

BUSSEY, Justice.

In this divorce action the respondent-wife was granted an absolute divorce on the ground of desertion, periodic alimony, custody of and support for the one child who was still a minor and a substantial property settlement, portions of which, the appellant-husband contends to have been lump sum alimony awards. The single exception on the part of the appellant-husband raises the following stated question "did the court err by ordering the appellant to pay alimony by lump sum and periodic payments?"

The parties were married on June 12, 1948, and lived in Walhalla, South Carolina; four children were born of the marriage, three of whom survive and only one of whom was unemancipated at the time of the trial below. The husband is a prominent physician with a lucrative practice, and on or about January 1, 1971, he deserted his wife and children, without just cause or excuse remaining hence-forth away from the family home. The wife instituted this action on March 26, 1972, seeking a divorce on the grounds

of desertion and adultery, custody of the two children, then minors, alimony for herself and minor children, reasonable attorney's fees, etc.

The case came on for a hearing on March 27, 1973 and the wife abandoned her cause of action on the ground of adultery and proceeded on the ground of desertion, which was proved and not contested by the husband. At the commencement of the hearing it was stipulated by counsel for the parties "that the entire matter of properties and support would be submitted to the Court." An appraisal by a real estate firm of the real properties in which the parties or either of them had an interest, directly or indirectly, was admitted by stipulation as being a correct appraisal. Such real estate consisted of a farm worth approximately $80,000.00, a lot and cottage at Whitewater Lake with a value of $9,500.00, half-interest in a medical center building, where the husband practiced medicine, valued at $50,000.00 and the residence, where the wife and two children still reside, valued at $60,000.00. Of the foregoing properties the residence was in the name of both parties, title to the Whitewater cottage was in the wife's name and, except for very minor interests of the wife therein, the farm and the half-interest in the medical center property belonged to the husband. The only incumbrance against the aforementioned property amounted to approximately $11,000.00 due on the farm and the Whitewater Lake cottage, the net or unincumbered value of the combined real estate holdings being thus slightly less than $190,000.00. The record does not disclose the value of the furnishings in the lake cottage, but the value of the furnishings in the principal residence was found by the lower court to be $20,000.00. Other assets of the parties included life insurance policies on the life of the husband with a face valhe of $19,500.00, a five year old Oldsmobile the property of the wife and a new Mark IV, the property of the husband.

It is conceded by the wife that she did not furnish directly any part of the purchase price of any of the real property

acquired by the parties either jointly or separately. The record, however, leaves no doubt that the wife indirectly contributed to the financial success of, and the acquisition of property by the husband. She was teaching school while he was still in medical college; they lived in her father's house for 18 months after he started to practice and she continued to teach school long after they were married, although the exact period of time that she taught does not appear in the record. Admittedly her earnings of her husband for household and family expenses thus helping to free the earnings of her husband for investment. Additionally the record reflects her to have been a thrifty housewife, operating the household on a budget, which to some extent was austere in the light of the circumstances of the parties, thus additionally contributing to the material success of the family. More recently, because of her health, she was employed in a position much less demanding than that of a school teacher with a resulting much more modest income by comparison. At sometime, apparently not too long before the desertion by the husband, the wife was injured in an automobile accident. At least a part of the money she recovered for her injuries was invested in the husband's cattle farm operation.

In the property settlement provisions of the decree below the judge allotted the wife the residence, and the contents thereof, where she and two of her children still resided, she already having legal title to a moiety therein. He allotted the husband all of the remaining real property interests belonging to either or both of them including the lake cottage, title to which was in the name of the wife and then for the obvious purpose of accomplishing a fairly even division between the parties, the court ordered the husband to pay the wife the sum of $25,000.00 and to deliver to her the life insurance policies of the face value of $19,500.00.

Of course, the present value of these insurance policies is substantially less than the face value. The court did not award the wife an attorney's fee, concluding that it would

be fair and proper for her to pay her own attorney out of the cash award, which was a part of the property settlement. An analysis of all of the testimony as to the value of all property of the parties, both real and personal, shows that his Honor, by awarding the wife cash and the insurance policies did accomplish an approximately equal division between the parties of their total combined holdings.

There was no challenge below to, and no exception here challenging, the power or jurisdiction of the court to divide the property owned by the parties, of either of them, in an equitable manner, without regard to where the legal title to the respective pieces of property was vested. We have heretofore recognized that voluntary litigation in a divorce case by the parties of their respective property rights confers jurisdiction on the court to determine questions raised thereby, regardless of whether the court otherwise would have jurisdiction. *Piana v. Piana,* 239 S. C. 367, 123 S. E. (2d) 297.

The husband is obviously satisfied with the property settlement save for the factors awarded to the wife to accomplish a fairly equal division between the parties. He seeks to avoid the award of $25,000.00 and the life insurance policies contending that such were not a part of the property settlement, but were in fact lump sum alimony, in addition to the periodic alimony already awarded and hence contrary to the provisions of Section 20-113 of the Code of Laws as construed by this Court in *Brewer v. Brewer,* 242 S. C. 9, 129 S. E. (2d) 736.

The contention that such awards, were in fact awards of lump sum alimony, rather than a part of the property settlement decreed by the court, is simply not supported by the record. The lower court construed the stipulation submitting, "the entire matter of properties," to the court as a stipulation to the effect that the court should endeavor to achieve a division of the property acquired by either of them or both of them during the marriage, which

would be equitable and just to both parties under all of the circumstances without regard to which party might or not hold title to the various parcels of property. The scope of the testimony strongly indicates to us that such was the actual intent of the parties and the order of the lower court is clearly to the effect that the award of the $25,000.00 and the life insurance policies to the wife were a part and parcel of the property settlement and not intended or meant to be lump sum alimony. As above mentioned no exception challenges the power or jurisdiction of the court to accomplish a division of the properties of the parties which would be equitable to both parties under all the circumstances of the case. We quote the following from 24 Am. Jur. (2d), page 1068, Divorce and Separation, Section 934:

"if the divorce court is authorized or required to make a division of property or to recognize one spouse's title or equitable rights in property held by the other, the court need not actually divide the property between the parties but may award the property to one spouse and order that that spouse pay the other a sum in cash especially where a division and transfer in kind is impractical or does not bring about a fair and equitable result."

The order of the court is in accord with the foregoing principles, the complained of awards being merely a part and parcel of the property settlement and necessary to bring about a fair and equitable result to both parties.

We conclude that the appeal is without merit and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.