20157

Mary Jo McKelvey MOORE, Appellant, v. James L. McKELVEY, Respondent.

(221 S. E. (2d) 780)

*Messrs. James J. Raman and Kenneth M. Powell,* of Spartanburg, *for Appellant,*

*Loy E. Bryant, Esq.,* of Spartanburg, *for Respondent,*

■

*Messrs. James J. Raman* and *Kenneth M. Powell,* of Spartanburg, *for Appellant, in Reply.*

January 26, 1976.

LEWIS, Chief Justice:

Plaintiff seeks in this action to establish ownership, through a resulting trust, of a one-half interest in a house and 47 acre tract of land, the title to which is held in the name of the defendant, her former husband. The Master, to whom the cause was referred, held that plaintiff established her claim and recommended that the property be sold for an equal division between the parties, after giving defendant credit for mortgage payments of $3,000.00 made by him after the parties separated. The lower court disagreed with the Master's recommendation and held that the evidence failed to establish the resulting trust claimed by plaintiff, relying upon the case of *Hodges v. Hodges,* 243 S. C. 299, 133 S. E. (2d) 816. The plaintiff has appealed. We affirm.

The property in question was conveyed to defendant in 1961 for a consideration of $8,000.00, of which the sum of $1,500.00 was paid simultaneously with the execution of the deed and a note and purchase money mortgage given to secure the balance. According to the agreed Statement, the purchase contract, under which the sale was consummated, was signed only by the Seller and the defendant, but required that the wife (plaintiff) also sign the note for the unpaid balance, which she did.

Plaintiff thereafter deserted defendant in 1968 and he obtained a divorce in 1969 on the grounds of her adultery. More than five years after deserting defendant and subsequent to his completion of the payment of the balance due on the mortgage, together with the taxes, upkeep insurance, etc., plaintiff, who had remarried in the meantime, instituted

this action, seeking a one-half interest in the property on the theory of a resulting trust. She claimed that she contributed a portion of the down payment on the purchase price, signed the note for the unpaid balance, and subsequently contributed to the annual payments until they separated.

Plaintiff contends that a resulting trust arose in her favor by virtue of funds contributed by her toward the purchase of the property and the assumption, at the time of purchase, of an obligation to pay the balance of the purchase money.

It is well settled that the evidence to establish a resulting trust must be definite, clear, unequivocal and convincing. *Green v. Green,* 237 S. C. 424, 117 S. E. (2d) 583; *Hodges v. Hodges, supra,* 243 S. C. 299, 133 S. E. (2d) 816.

In *Hodges* the principles were stated that "in order for a resulting trust to arise, such must arise, if at all, at the time the purchase is made. The funds must then, or prior thereto, be advanced and invested. A trust will not result from funds subsequently furnished."

It was recognized, however, in *Hodges* and *Green,* that "incurring an absolute obligation to pay, as a part of the original transaction to purchase, at or before the time of conveyance, may suffice, in lieu of actual payment."

The testimony in this case is not included in the appeal record. The only reference to the nature of the testimony of the witnesses is that contained in the references thereto in the Master's report, the order of the lower court and the Statement of the case. From this record, it is impossible to determine the facts and circumstances surrounding the purchase of the property in question. While there are statements in the record from which it is inferable that some funds of the wife probably went into the down payment and that co-mingled funds of the parties made some portion of the annual payments, there is nothing from which we can ascertain the amount of such contribution by the wife, if any.

There is no testimony as to what, if any, agreement or undertaking there might have been between the parties with reference to the title or ownership of the property.

It is contended, however, that the plaintiff became obligated to pay the balance of the purchase price when she signed the note with the defendant and that such fact was sufficient to give rise to a resulting trust even if no actual payment had been made at the time of purchase. While the signature of the wife to the note is to be considered in determining whether a resulting trust was established, it is not conclusive. Since the signature of the wife was required as a condition of the purchase contract, it is inferable that her signature might have been required by the seller solely as additional security and had no reference to title or ownership of the property by her.

Under the record before us we conclude that the trial judge was correct in holding that the evidence failed to meet the high standard of proof required to establish a resulting trust.

The judgment is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.