20308

Elizabeth K. TAYLOR, Appellant, v. Jonathan TAYLOR, Respondent.

(229 S. E. (2d) 852)

*Messrs. Culbertson* and *Whitesides,* of Laurens, *for Appellant,*

*Messrs. Townsend* and *Thompson,* of Laurens, *for Respondent,*

November 11, 1976.

NESS, Justice:

This is a divorce action instituted by the wife by service of pleadings on October 24, 1975, and filed on October 31, 1975, alleging physical cruelty. On January 6, 1976, the husband answered and counterclaimed on the ground of adultery. The Family Court Judge denied relief to the wife but granted a divorce to the husband on his counterclaim.

The first exception asserts error in the admission of testimony of the wife's alleged acts of adultery which occurred after the service of the complaint but prior to the service of the counterclaim. The time for answering the complaint was voluntarily extended, however, the wife contends that such acts constituted new matter which could only be introduced by a supplemental pleading. We disagree.

Succinctly, the issue is whether the counterclaim can be based on facts occurring subsequent to the commencement of the initial action. Section 10-703 of the 1962 Code of Laws[1] provides that a counterclaim must be "existing at the commencement of the action" only when the causes arise on contract.[2] In all other cases, the sole temporal requisite to pleading a counterclaim is that it "must be one existing in favor of a defendant." In the lattter actions, facts which may be alleged in the counterclaim are circumscribed only by the time allowed to answer.

Some jurisdictions have classified divorce proceedings as *ex contractu* while others have refused to consider such actions either *ex contractu or ex delicto*.[3] Yet, almost all jurisdictions concede that domestic relations jurisprudence is so permeated by public and sovereign policy that any analogy to contract law is limited.[4] While we do not intend to intimate any further opinion, we hold that a divorce action does not come within the legislative purview of an action arising on contract pursuant to Section 10-703(2).

[1] "The counterclaim mentioned in § 10-652 must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action; or

"(2) In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." Section 10-703 of the 1962 Code of Laws.

[2] Section 10-703(2) of the 1962 Code of Laws.

[3] 27A C.J.S. Divorce § 7.

[4] See 24 Am. Jur. (2d), Divorce and Separation, § 9.

It therefore follows that a counterclaim for divorce may be interposed on facts maturing after the commencement of the action and existing prior to the filing of the counterclaim. Buttressing import is provided by the similar North Carolina resolution of this precise issue in conjunction with the judicial construction of the North Carolina duplicate of Section 10-703.[5] *Cameron v. Cameron,* 235 N. C. 82, 68 S. E. (2d) 796 (1952).

Appellant next argues that the trial judge erred in refusing to make an equitable division of all of the property of the parties.

The trial judge found that the house and household furniture were jointly owned and he therefore ordered a sale of this property with an equal division of the proceeds, further holding that he had no authority to adjudicate the property rights in a car personally owned by the husband. The wife alleges error in the methodology and ultimate disposition of the property rights.

The husband initially and continuously attempted to object to the jurisdiction of the court to make any division of personal or real property of the parties. Nevertheless, he not only expressly acquiesced to the partition of the joint property but affirmatively sought court adjudicated possession of such property in his pleadings. The attempted construction of the court's jurisdiction by voluntary litigation of jointly owned property while refuting submission of any personal property rights is inconsequential. Both parties voluntarily submitted the issues of legal title and division of their respective property rights and thereby conferred jurisdiction on the court. *Moyle v. Moyle,* 262 S. C. 308, 204 S. E. (2d) 46 (1974).

The trial judge specifically found that the wife established no interest in the personal property solely owned by the husband. It has been generally held

---

[5] Section 1-137 of the Code of Laws of North Carolina was subsequently repealed in 1967, effective January 1, 1970.

that any reasonable means may be employed by the courts to effectuate division of the spouses' property. 27B C. J. S. Divorce § 292(1). The ultimate disposition of the property rights by the trial judge was neihter unreasonable nor an abuse of discretion.

Error is next alleged in the denial of the wife's attorney's fees and alimony. An adulterous wife is statutorily denied alimony. Seciton 20-113, 1962 Code of Laws. The allowance of attorney's fees is within the sound discretion of the trial judge and we find no abuse of that discretion. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975).

Finally, the wife asserts error of the trial judge in refusing to grant her a divorce on the ground of physical cruelty. The husband denied any acts of cruelty subsequent to the condonation in October of 1973. The trial judge found, and the record supports, that the wife failed to produce any specific corroborated evidence of any physical cruelty within at least one year prior to the initiation of the action. *Simons v. Simons,* 263 S. C. 509, 211 S. E. (2d) 555 (1975).

We have reviewed the remaining exceptions and find them without merit.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., concurs in result.