## 20348

Jo Anne M. MORRIS, Appellant, v. Wyman L. MORRIS, Respondent.
(232 S. E. (2d) 326)

*Man L. Warner, Esq., of Weinberg, Bryan, Warner, Brown and McDougall,* Sumter, *for Appellant,*

*Messrs. Joseph T. McElveen, Jr., of Bryan, Bahnmuller, King, Goldman and McElveen, and Edward V. Atkinson,* of Sumter, *for Appellant,*

January 24, 1977.

LEWIS, Chief Justice.

This action arises out of the marital difficulties of Dr. and Mrs. Wyman L. Morris, of Sumter, South Carolina; and is before this Court on appeal from an order of the lower court awarding to Mrs. Morris a divorce a *mensa et thoro*, $600.00 per month alimony, $275.00 per month support for a minor child, and counsel fees of $10,000.00. Her claim of ownership of an interest in the property of Dr. Morris because of alleged contributions by her during the marriage to the accumulation of his estate was denied.

It appears that the parties were married in June 1952 and have two children, one of whom was eighteen (18) years of age and the other fourteen (14) when this litigation began in 1973. After protracted marital difficulties, Dr. and Mrs. Morris finally separated in October 1973, following which Dr. Morris brought an action in November 1973 in the Family Court of Sumter County in which he alleged, among other things, that the parties had separated, that he would

pay support for Mrs. Morris and the two children, and sought the aid of the court in requiring Mrs. Morris to cooperate in the sale of the large family home so that he could acquire, in his name, and at his expense, a smaller less expensive home for the exclusive use of her and the children.

Shortly after the foregoing action was instituted in the Family Court by Dr. Morris, Mrs. Morris brought an action against him in the Court of Common Pleas for Sumter County seeking a divorce, alimony, child support, and a share of his property.

After considerable legal maneuvering, the litigation between the parties was consolidated into this action brought by Mrs. Morris in the Court of Common Pleas; and, after reference to the Master and his report, proceeded to the judgment from which this appeal is taken.

Dr. Morris has appealed only from the award of counsel fees, contending that the amount was excessive. Mrs. Morris has appealed charging that the amount awarded for alimony, support of the child, and counsel fees was inadequate and that error was committed in refusing to award her a share of her husband's property.

Since Dr. Morris has not appealed from the award of alimony and child support, these findings by the lower court must be affirmed unless, as contended by Mrs. Morris, the awards were inadequate. The annual net income of Dr. Morris was approximately $20,000.00.

Dr. Morris has recognized an obligation to support his wife and child and originally sought the aid of the court in effecting the sale of his present home so as to provide a less expensive one for their use. The Master recommended that Dr. Morris be required to pay the sum of $600.00 per month as alimony and $275.00 per month as support for the child. In addition, the Master held that Mrs. Morris had "contributed substantially in time and effort to the acquisition and worth of the family home and furnishings therein and to

some degree" to other real property owned by Dr. Morris, entitling her to an interest in such property in the amount of $50,000.00. The lower court approved the recommendation of the Master relative to alimony and support for the child, but reversed the findings that Mrs. Morris was entitled to an interest in the property of Dr. Morris.

Mrs. Morris and the child have been living in the family home and the effect of the order of the lower court is to eliminate any right that they might have had to continue to reside there. The amount to be awarded for alimony and support must, therefore, be determined in the light of the necessity of the wife to acquire living quarters for herself and the child. While the record sustains the awards for alimony and support in other respects, we are not convinced, under this record, that proper consideration was given to the expense of the wife in securing other living quarters, especially in view of the action brought by Dr. Morris seeking the aid of the court in selling his present home so as to purchase a less expensive home for the use of his wife and child. The cause must therefore be remanded to the lower court for further consideration of the adequacy of the award for alimony and support.

The next issue involves the contention of Mrs. Morris that the lower court erred in refusing to award her an interest in the real estate of her husband. She relied mainly upon the doctrine stated in *McKenzie v. McKenzie,* 254 S. C. 372, 175 S. E. (2d) 628, that "a wife who has made a material contribution toward the acquisition of property by her husband during coverture acquires an equitable interest therein which, according to some authorities, will be recognized on divorce."

We agree with the circuit judge that the record fails to sustain the foregoing contention of Mrs. Morris on any ground.

Her contention, however, that she was entitled to an award of part of the furniture and fixtures in the home should have been sustained. In fact, Dr. Morris stated in his pleadings that he desired to sell the present home and purchase a smaller home for the use of his wife, and that Mrs. Morris "should have one half of the furniture and fixtures in his house now owned by him" in order to furnish the new home.

Both parties have excepted to the amount set for attorney fees, one arguing that it is excessive and the other that it is inadequate. The Master recommended a fee for the attorney for Mrs. Morris in the amount of $2,000.00. Upon exceptions to the circuit court, this amount was increased to $10,000.00. The fee set by the lower court was clearly excessive. A fee of $4,000.00 is reasonable and the attorneys fee set by the lower court is hereby reduced to that amount.

Counsel for Mrs. Morris has argued at length that alleged deficiencies in the transcription of the trial record are prejudicial to her and make a proper determination of the issues impossible. We find no substantial merit in the exception raising this issue and it is overruled.

The judgment of the Court, accordingly, is as follows:

(1) The cause is remanded to the lower court for further consideration of the award for alimony and support in the light of the views expressed herein, the payments for alimony and child support to continue as previously ordered until further order of the lower court;

(2) The fee for counsel for Mrs. Morris is reduced to the sum of $4,000.00;

(3) In all other respects the order under appeal is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.