20609

Frances C. WILSON, Respondent-Appellant, v. Jack William WILSON, Appellant-Respondent.

(241 S. E. (2d) 566)

*Thomas W. Greene,* of Greenville, *for Appellant-Respondent,*

*Sol E. Abrams* and *Michael Parham,* of Greenville, *for Respondent-Appellant,*

February 15, 1978.

GREGORY, Justice:

Mrs. Wilson was granted a divorce and appeals the lower court's denial of her request for alimony. Mr. Wilson appeals the lower court's finding that he held a one half interest in certain properties on a resulting trust for Mrs. Wilson; and further appeals the lower court's order that he convey his remaining one half interest in the same properties to Mrs. Wilson as an equitable division of property in lieu of alimony. We hold that the evidence fails to establish a resulting trust as to one half the properties; reverse the lower court's order that Mr. Wilson convey his own one half interest in the properties to Mrs. Wilson; and remand for a determination of the extent of Mrs. Wilson's equitable interest in Mr. Wilson's properties and for an award of alimony.

Mr. and Mrs. Wilson were married on April 2, 1951 and have four children. At the time of these proceedings two of the four were emancipated and two were still living at home.

Mrs. Wilson sued her husband for a divorce *a vinculo matrimonii* on the ground of adultery in September 1975. The circuit court referred the matter to a special referee who heard testimony and received exhibits. In his report the special referee recommended that Mrs. Wilson be granted a divorce; that she be given the Anderson residence (the family home), one half on a resulting trust and one half as an equitable division of property in lieu of alimony; that she be given the lake property as an equitable division of property in lieu of alimony; and that she receive all furnishings and maintenance implements located in the Anderson residence. Both parties took exception to the referee's report and the case was heard by the Honorable Frank Eppes who issued his order in June 1976.

Judge Eppes concurred in the findings and recommendations of the referee on all points except one. Judge Eppes

found that Mrs. Wilson was entitled to one half of the lake property on a resulting trust and ordered Mr. Wilson to convey the remaining one half of the lake property as an equitable division of property in lieu of alimony. This appeal followed.

In an action in equity, tried first by a special referee and concurred in by the trial judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. To the extent the special referee and trial judge are in disagreement on a factual finding, this Court will make findings in accordance with its own view of the preponderance or greater weight of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Shortly after their marriage the parties purchased their first home, the Easley residence, using five hundred dollars from a joint savings account as the down payment. The combined wages of both parties were used to make the house payments and to operate the Easley residence.

In 1960, while the parties were residing in the Easley residence, Mr. Wilson purchased five acres of land located in Anderson. This land was titled in Mr. Wilson's name alone, and Mrs. Wilson offered no evidence that either her funds or joint funds were used in its purchase.

Approximately three years later the Easley residence was sold and the proceeds from the sale were used to begin and complete construction of a residence on the Anderson property. Both the lower court and the special referee concluded Mr. Wilson held one half of the Easley residence on a resulting trust for Mrs. Wilson and tracing the proceeds thereof into the Anderson residence on the authority of *Green v. Green,* 237 S. C. 424, 117 S. E. (2d) 583 (1960), concluded Mrs. Wilson was entitled to one half of that residence.

In *Moore v. McKelvey,* 266 S. C. 95, 221 S. E. (2d) 780 (1976), we stated:

It is well settled that the evidence to establish a resulting trust must be definite, clear, unequivocal and convincing. *Green v. Green,* 237 S. C. 424, 117 S. E. (2d) 583; *Hodges v. Hodges, supra,* 243 S. C. 299, 133 S. E. (2d) 816.

In *Hodges* the principles were stated that "in order for a resulting trust to arise, such must arise, if at all, at the time the purchase is made. The funds must then, or prior thereto, be advanced and invested. A trust will not result from funds subsequently furnished." 221 S. E. (2d) at 781.

In *Green v. Green, supra,* we held that a resulting trust could be established by tracing the proceeds from the sale of one house into the purchase of a second house. In *Green* the lot on which the second house was built was purchased with joint funds, and when the first house was sold the proceeds from that sale were used to construct a house on the second lot. Mr. Green was found to hold a portion of the first residence on a resulting trust for Mrs. Green, and we held the trust could be traced into the second residence.

Although Mrs. Wilson's share of the proceeds from the sale of the Easley residence was used to begin and complete construction of the Anderson residence, she can trace a resulting trust into the Anderson residence on the authority of *Green, supra,* only if her funds or joint funds were used in the purchase of the Anderson real estate.

We quote from *Hodges v. Hodges,* 243 S. C. 299, 133 S. E. (2d) 816 (1963):

Here the evidence on behalf of the wife is to the effect that the parties agreed to buy the real property together and that she thought the title was in both names until their difficulties arose, when she discovered that this was not true. As to consideration, the evidence reflects that during the time the parties were living together there was some commingling of funds. . . .

The wife offered no specific evidence as to any specific amount of her money being expended at any time towards the purchase price of the real property. Nor does she offer any specific evidence that she ever became legally or absolutely obligated to pay any portion of the purchase price. 133 S. E. (2d) at 820.

■ Mrs. Wilson did not offer any specific evidence of any specific amount of her money being expended at any time towards the purchase of the Anderson real estate. Neither was she obligated to pay any portion of the purchase price. The possibility that the property was purchased with commingled funds, without more, is simply insufficient to establish a resulting trust.

The lower court, in disagreement with the special referee, also held that Mr. Wilson held one half of a lake lot in a resulting trust for Mrs. Wilson. Nothing in the record demonstrates that any of Mrs. Wilson's funds were expended at the time the lake lot was purchased, and Mrs. Wilson has offered no evidence of any specific amount she contributed to the acquisition of this property. As with the Anderson residence, the evidence regarding the lake property is insufficient to establish a resulting trust.

In *McKenzie v. McKenzie,* 254 S. C. 372, 175 S. E. (2d) 628 (1970), we referred to the following doctrine expressed in 27B C. J. S. Divorce § 293 (1950):

Where a wife has made a material contribution to the husband's acquisition of property during coverture, she acquires a special equity in the property so accumulated which equity entitles her, on divorce, to an award in satisfaction thereof; and it is not a necessary prerequisite that the wife show that she has contributed by funds or efforts to the acquiring of the specific property awarded to her, but division may be had even though the wife has not contributed funds or efforts to the acquisition of specific property awarded to her.

See also *Morris v. Morris,* 268 S. C. 104, 232 S. E. (2d) 326 (1977).

■ The record leaves no doubt that Mrs. Wilson contributed materially to the financial success of her family and the acquisition of property by her husband. Mrs. Wilson has been employed since the time of the marriage in 1951. At one time she worked in a business owned by her husband and his brother-in-law and was paid a weekly salary of only $25.00. These efforts on her part plus the expenditure of her income for household expenses not only contributed to the material success of the family but also freed her husband's earnings for investment. Under these circumstances, Mrs. Wilson is entitled to the equitable ownership of a portion of the properties held by Mr. Wilson.

The record presents no basis for a determination by this Court of the proper portion of Mr. Wilson's property that is owned in equity by Mrs. Wilson. The relative incomes and material contributions of Mr. and Mrs. Wilson must be weighed, and both parties should be given an opportunity to be heard in this matter. Accordingly, we remand to the lower court for a hearing and an award to Mrs. Wilson.

■ Mrs. Wilson next appeals the lower court's order that he convey his own one half interest in the Anderson residence and the lake property to Mrs. Wilson as an equitable division of property in lieu of alimony. Although the lower court could have specified such a property transfer as an alternate method of satisfying an alimony award, it could not order the property transferred in lieu of alimony. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). Since we agree with the referee and the lower court that this case calls for alimony, we remand for an appropriate award.

The two remaining exceptions assign error to the lower court's assessment of costs against Mr. Wilson and the consideration of certain allegedly irrelevant testimony. These exceptions are without merit.

Affirmed in part, reversed in part, and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.