20781

William B. McCULLOUGH, Appellant, v. Audrey J. McCULLOUGH, Respondent.

(248 S. E. (2d) 308)

---

[1] The maximum sentence for violating Section 16-21-60(2) is one year or five hundred dollars or both.

476

*Kirby D. Shealy, Jr.,* of *Wise, Wise & Shealy,* Columbia, *for appellant.*

*John A. Mason,* Columbia, *for respondent.*

October 16, 1978.

*Per Curiam:*

This is an appeal by the husband-appellant from an award of the lower court granting a divorce and awarding, as an incident thereto, certain stocks and an interest in a savings account to the wife-respondent. Alhtough the award herein is characterized in the order of the lower court as "alimony and/or property settlement", we find the proper characterization to be alimony in considering the entirety of the record. The appellant questions the authority of the court to grant specific property as alimony, the alleged excessiveness of such alimony, and the alleged excessiveness of the attorney's fees awarded the wife's counsel. We affirm the amounts granted as alimony and attorney's fees, but further find that the lower court was without authority, under the prevailing state of the law, to award alimony in the form of specific property.

The alimony awarded the wife in this case consisted of a one-third interest in a savings account owned by the husband in the total amount of $3,056.12, as well as various shares of stock owned by the husband having a total value of $12,733.95, the quantity and type of which are specifically itemized in the order. The decree sets forth that the above award would include all accrued amounts due by the husband to the wife under a previous temporary order

of support issued in 1966. The decree further provides that the husband shall pay to the wife's counsel $1,000 as attorney's fees.

After reviewing the record and listening to oral arguments, we are of the view that the lower court committed no abuse of discretion or other error of law in fixing the above amounts of alimony and attorney's fees. We are also of the opinion that the special circumstances of this case warranted an award of lump sum rather than periodic alimony as sanctioned by § 20-3-130, S. C. Code of Laws (1976). Since these issues are controlled by settled legal principles, a full written discussion would be of no precedential value. We accordingly affirm the amounts found by the lower court under Rule 23 of the Rules of Practice of this Court.

Appellant contends that the lower court was without jurisdiction to award his personal property to respondent as alimony. We agree with appellant that the family court's award of property in satisfaction of alimony obligations was improper under the controlling principles of *Wilson v. Wilson,* S. C., 241 S. E. (2d) 566 (1978) and *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). In *Wilson,* we held that while the lower court was at liberty to specify a property transfer as an alternate method of satisfying an alimony award, it could not unconditionally order the property transfer as alimony. It is clear from the record that appellant was not given the option of remitting a sum of money to his wife as alimony, but instead was compelled by decree to transfer to his wife personal property principally in the form of stock. Because no such option was made available to appellant, we are bound by *Smith* to restrict alimony to payments in money.

It should be pointed out that our decision in no way affects the court's authority to effectuate property settlements incident to a divorce when these matters are properly brought before the court in the pleadings or by stipulation of

the parties.[1] However, the issue of property division was raised by neither party in this case. The respondent in her pleadings prayed only for "alimony and attorney's fees."

While we affirm respondent's entitlement to alimony in the amounts found by the family court judge, we find the form of award incompatible with the prevailing law as dictated by *Smith* and *Wilson*. We, therefore, remand for amendment of the order of the lower court in conformity with the views herein expressed.

Modified and remanded.

[1] Disposition of property between parties during a divorce action is now authorized by § 14-21-1020, 1976 Code of Laws (Cum. Supp. 1977) effective July 1, 1977 if "prayed for in the pleadings," and prior case law recognized authority for property division through voluntary litigation, *Piana v. Piana,* 239 S. C. 367, 123 S. E. (2d) 297 (1961) or by stipulation. *Moyle v. Moyle,* 262 S. C. 308, 204 S. E. (2d) 46 (1974).

suits were in different counties and absent showing of