21248

Jesse Dean SIMMONS, Jr., Appellant, v. Margaret Martha Dunn SIMMONS, Respondent.

(267 S. E. (2d) 427)

*E. C. Burnett, Jr.,* Spartanburg, *for appellant.*

*Ben C. Harrison* and *Richard H. Rhodes,* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for respondent.*

June 5, 1980.

GREGORY, Justice:

Husband and wife cross-appeal from a divorce decree awarding the wife, Margaret Martha Dunn Simmons, a twenty-three percent equitable interest in the marital residence and surrounding acreage with improvements to which the husband, Jesse Dean Simmons, Jr., holds legal title. Mrs. Simmons appeals the amount of the award, contending it falls short of representing her true equity in the property. Mr. Simmons appeals the award itself on the thoery that an adulterous wife, as is here admittedly the case, is barred from receiving an equitable interest. We affirm both the award and the amount ordered by the lower court.

In the case of *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978), we adopted the doctrine entitling a wife to a special equity in the husband's property acquired dur-

ing coverture where the wife has made a material contribution to the acquisition through her efforts. See also: 27B C. J. S. *Divorce,* § 293; 24 Am. Jur. (2d), *Divorce and Separation,* § 928. While earlier recognizing the doctrine to be in accord with other authorities, this Court had not theretofore embraced it. See, *e. g., McKenzie v. McKenzie,* 254 S. C. 372, 175 S. E. (2d) 628 (1970); *Morris v. Morris,* 268 S. C. 104, 232 S. E. (2d) 326 (1977). Our family courts have, however, since applied the doctrine. See, *e. g., Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979).

What we are now squarely faced with is the question whether an adulterous wife is entitled to a special equitable award of an interest in her husband's real property acquired during coverture where the wife has made the material contribution required by *Wilson.*[1] We hold she is.

A special equitable interest is by nature and definition distinct from alimony. *Heath v. Heath,* 103 Fla. 1071, 138 So. 796, 82 A. L. R. 537 (1932); 27B C. J. S. *Divorce* § 291(1). A creature of equity, it is a property right earned by the industry and labor of the wife during the marriage. 24 Am. Jur. (2d), *Divorce and Separation,* § 928. Unlike alimony, this interest is not a substitute for the support normally arising from the marital relationship. See *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979). The statutory foreclosure of alimony in this jurisdiction based on a spouse's adulterous conduct, Section 20-3-130, 1976 Code of Laws (Cum. Supp. 1979), does not extend to a special equity award of property.

---

[1] It is conceded that Mrs. Simmons materially contributed to the financial needs and acquisitions of her husband. She worked nearly the entire thirty years of the parties' marriage, raised two children, purchased the groceries and clothing and acquired other property with her own earned funds which was later sold and the proceeds deposited to the family's general coffers. The parties shared joint checking and savings accounts as well.

We agree that:

Whatever consequences the wife may be compelled under the law to suffer for her marital derelictions by the severance of the bonds of matrimony, she is not required to incur the forfeiture of any of her already vested equitable property rights which were acquired by her while the matrimonial barque was sailing on smoother seas.

The provisions of section 4987, Comp. Gen. Laws, section 3195, Rev. Gen. St., to the effect that no alimony shall be granted to an adulterous wife, do not preclude the ascertainment and allowance by the court of an amount to the wife for her special equity in property and business of the husband toward which she is shown to have contributed materially in funds and industry through a period of years while the marriage remained undissolved. (Citations omitted.)

*Heath v. Heath, supra,* 138 So. 797, 82 A. L. R. at 539.

We hold that a spouse otherwise entitled to an award of special equity in property acquired by his or her spouse during coverture is not barred from receiving such an award by decree of divorce granted on the basis of his or her adulterous conduct. To wholly strip the spouse of this earned property right in addition to denying him or her alimony would be manifestly inequitable.

The remaining issue is the propriety of the amount awarded. While Mrs. Simmons' admitted adultery is not such a persuasive factor as to justify the total divestment of her equitable interest in the property, it is one of a panoply of considerations for the family court in determining an equitable division.

In making a division or distribution of property on granting a divorce, the court may consider the cause for which the divorce was granted and who was at fault, and, ordinarily, the circumstance of fault has persuasive force, but is not of itself

controlling, and does not justify the imposition of a severe penalty in the way of deprivation of property.

27B C. J. S. *Divorce* § 295(7).

In arriving at such an award, we think it generally appropriate that the "relative incomes and material contributions . . . be weighed, and both parties should be given an opportunity to be heard in this matter." *Wilson v. Wilson, supra,* 241 S. E. (2d) at 569. It is important that the family court explore the peculiar facts and circumstances of the case *sub judice* in making it determination. See, generally, 27B C. J. S. *Divorce* § 295. This determination, like an award of alimony or attorney's fees in action for divorce, *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977), is one resting with the sound judicial discretion of the family court. See *Risinger v. Risinger, supra;* 27B C. J. S. *Divorce* § 295(1).

Here, while the formula utilized by the court below in arriving at a twenty-three percent interest for Mrs. Simmons is not readily discernible, it is clear from the record the family court was presented with and considered a full and complete history of the parties' relative incomes and contributions and had a clear picture of the circumstances of the marriage. We cannot say under the particular facts of this case the twenty-three percent award amounts to an abuse of discretion as a matter of law.

Accordingly, we affirm the judgment of the lower court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.