## 21484

Martha H. BAKER, Respondent, v. Gordon Badger BAKER, Jr., Appellant, and Gordon Badger BAKER, Jr., Appellant, v. Martha H. BAKER, Respondent.

(279 S. E. (2d) 601)

*Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker* and *Allen C. Pate,* Florence, *for appellant.*

*Kermit S. King,* Columbia, *for respondent.*

June 9, 1981.

*Per Curiam:*

Gordon Badger Baker, Jr., (husband) and Martha H. Baker (wife) were granted a divorce on the grounds of three years continuous separation. The trial judge awarded the wife (1) alimony, (2) custody of the one child and child support, (3) an equitable division of the marital property, and (4) attorney's fees. The husband appeals each area of the award except child custody and support. Subsequent to the divorce, the wife remarried, thereby rendering moot on appeal the issue of alimony.

Between their marriage in June, 1968 and separation in 1975, the wife taught school, receiving roughly $6,000 to $6,500 annually. She and her husband maintained separate bank accounts until 1971, at which time they opened a joint checking account. She also contributed to the savings account under his name only. While her husband was in the military in Vietnam between August 1968 and his return in 1971, she mailed him $100 per month, thereby allowing him to save his $700-$900 per month army salary.

Upon returning from Vietnam, the husband was reemployed by his former law firm. His average income as attorney between 1971 and 1975 was about $20,000 per year. He realized additional income from stocks in his name, the bulk of which were acquired prior to marriage.

The trial judge determined that the parties accumulated the following marital property:

(1) a residence with an existing fair market value of $50,000 with an outstanding mortgage debt of $20,000 as of the time of the hearing;

(2) stocks;

(3) a savings account totaling $10,000; and

(4) personal assets of the husband.

He found that the wife was equitably entitled to complete ownership of the home, free of the mortgage lien, and that the husband could retain the remainder of the accumulated marital property. He ordered the husband to satisfy the mortgage debt.

The right of a wife to claim a special equitable interest in property accumulated during marriage is based upon her showing that she has materially contributed through finances or personal services to the husband's business or acquisition of property. *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978). The wife here contributed expense money to the husband while he served in Vietnam, worked steadily as a teacher until giving birth to their child, and has generally attended to her normal household duties. The husband would have the equitable division determined by a strict mathematical approach comparing the parties' respective incomes. We reject this approach and refer to the language in *Wilson v. Wilson, supra,* wherein we said "The relative incomes *and material contributions* of [the parties] must be weighed." (Emphasis added.) At the same time, this "special equity" should be warranted only where there exist special facts and circumstances in favor of one party above and beyond normal marital obligations.

"Each party is expected to be a help and companion to the other. We have not so far abandoned the idea of marriage as a unity of man and wife as to figure equities on the basis of the assistance one gives to the other in the performance of ordinary marital duties." *Arrington v. Arrington,* 150 So. (2d) 473, (Fla. 3d D. C. A. 1963), *cert. den.,* 155 So. (2d) 615 (Fla. 1963).

This action being a matter in equity heard by a single judge, we are entitled to find the facts based upon our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81 221 S. E. (2d) 773 (1976). The husband conceded that while in Vietnam, the monthly sums he received from his wife allowed him to directly transfer and deposit his entire army income into his savings account. Moreover, upon returning home, the wife's income and devotion had an increased significance at a time when his income was substantially lower than today.

We recognize the material contribution made by the wife. We disagree, however, with the allocation of the assets accumulated. The trial judge's allocation was made on the theory that the wife was entitled, among other things, to the equivalent of a 50% interest in the marital home and a 40% interest in the marital stocks and savings acquired during marriage. We think that the preponderance of the evidence requires a modification of the trial judge's order so as to require the wife to assume the mortgage debt on the residence allocated to her. The remainder of the equitable division is undisturbed and hereby approved.

Attorney's fees, having been requested in the wife's pleadings, were granted to the wife's attorney in an unspecified amount by the trial judge. The husband argues that the statutes authorizing these attorney's fees at that time, §§ 20-3-120 and 20-3-130, *Code of Laws of South Carolina* (1976), (repealed and replaced by modified 20-3-120 and 20-3-130, effective May 8, 1979) were based upon an unconstitutional gender classification. *Orr v. Orr,* 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979). The sole reference to attorney's fees in the record is as follows:

BY THE COURT: All right, Mr. King, I will award some attorney fees, so you and Mr. McLeod can arrange on a time here and I will hear you.

BY MR. McLEOD: We would like to be heard on that.

BY THE COURT: I would expect you to. Now the order of Judge McEachin will remain in effect until the further order of the Court, and I can't give you a time next week to be heard on the attorney fees for the reason I am assigned to Marion, and the following week I am going to Florida."

A constitutional question not raised or passed upon in the lower court cannot be raised for the first time on appeal; we think the above-quoted statement of the husband's attorney was insufficient to raise this issue.

In accordance with our findings, the order of the trial court is hereby modified by transferring the mortgage obligation from the husband to the wife.

Reversed in part; affirmed in part.