21712

Harry Lee PARROTT, Respondent, v. Shirley Nadine
PARROTT, Appellant.

(292 S. E. (2d) 182)

*Richard G. Dusenbury*, Florence, *for appellant.*

*E. LeRoy Nettles,* Lake City, *for respondent.*

May 26, 1982.

LEWIS, Chief Justice:

A divorce was granted to the parties upon the statutory ground of one year's separation. This appeal by the wife is upon the sole ground that the lower court erred in denying the wife's claim for an equitable share of the real and personal

property held by the husband at the time of the divorce. We reverse and remand.

The record reveals that over the course of a twenty-two year marriage, the respondent husband was virtually the sole wage-earner in this household. The wife was employed out of the home for approximately one year and for the remainder of the marriage performed the services of a homemaker while also rearing the children of the couple. Aside from an inheritance (the disposition of which is disputed by the parties), the wife's tangible, monetary contributions to the family unit were thus minimal compared to those of the husband.

This appeal presents but a single question: Upon divorce can homemaker services alone support an award to the homemaker spouse of real and personal property owned by the other spouse? We hold that such an award is proper as a matter of equity and that the family court erred in refusing to consider appellant's prayer for such equitable division.

A correct understanding of this holding requires a review of our prior decisions governing property division upon divorce. Real property has traditionally been distributed on the basis of title. Jointly held property we have divided equally. *Spence v. Spence*, 260 S. C. 526, 197 S. E. (2d) 683; *Taylor v. Taylor*, 267 S. C. 530, 229 S. E. (2d) 852; *Mason v. Mason*, 272 S. C. 268, 251 S. E. (2d) 198. Clear title in one or the other spouse has typically been confirmed upon divorce. *McKenzie v. McKenzie*, 254 S. C. 372, 175 S. E. (2d) 628; *Morris v. Morris*, 268 S. C. 104, 232 S. E. (2d) 326.

The effect of the so-called "title theory" is twofold. It simultaneously precludes any interest or claim in one spouse to property owned by the other spouse while it places this very property outside the marriage, which is to say beyond the reach of the court. Until very recently, for example, this Court treated interspousal gifts in such a manner. Where a duty of support ran from one spouse to another, we regarded a conveyance from supporting to dependent spouse as a gift and confirmed ownership in the recipient. *Caulk v. Caulk*, 211 S. C. 57, 43 S. E. (2d) 600; *Clanton v. Clanton*, 229 S. C. 356, 92 S. E. (2d) 878; *Stevens v. Stevens*, 244 S. C. 113, 135 S. E. (2d) 725; *Kirby v. Kirby*, 270 S. C. 137, 241 S. E. (2d) 415. In *Burgess v. Burgess*, S. C. 286 S. E. (2d) 142, however, we restored inter-

spousal gifts to the category of marital property accessible for distribution upon divorce.

This Court has recognized certain limitations to the title rule. The parties may by their own stipulation invite the court to divide property without regard to title. *Moyle v. Moyle,* 262 S. C. 308, 204 S. E. (2d) 46. Voluntary litigation of "the entire matter of properties," as occurred in Moyle, gave the court access to property that would otherwise lie beyond its reach. Not all property owned by either party is "property of the marriage," of course, which requires the further step of identifying marital property before respective interests therein can be determined. Section 20-7-420(2), Code of Laws of South Carolina, 1976, (1981 Cum. Supp.).

South Carolina has announced two exceptions to the title theory: (1) resulting trust; and (2) special equity. We have held that when a spouse supplies funds or assumes an obligation to pay prior to or at the time of an acquisition of property, a resulting trust favoring that party can arise. Because the evidentiary requirements are rather strict, such trusts are rarely found. *Green v. Green,* 237 S. C. 424, 117 S. E. (2d) 583; *Hodges v. Hodges,* 243 S. C. 299, 133 S. E. (2d) 816; *Stevens,* supra; *Moore v. McKelvey,* 266 S. C. 95, 221 S. E. (2d) 780; *Glover v. Glover,* 268 S. C. 433, 234 S. E. (2d) 488; *Kirby,* supra; *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566.

Also, where a spouse has made "material contributions" of industry and labor during marriage to acquisition of property, a special equity or equitable interest favoring that party can be found. *McKenzie,* supra; *Wilson,* supra; *Simmons v. Simmons,* 275 S. C. 41, 267 S. E. (2d) 427; *Baker v. Baker,* S. C., 279 S. E. (2d) 601; *Bugg v. Bugg,* S. C. 286 S. E. (2d) 142; *Burgess,* supra.

The real property at issue in this case is the marital residence, title to which was in the husband at the time of divorce. At no point in these proceedings have the parties mutually agreed to submit all property issues to the court, as occurred in *Moyle,* supra. The evidence does not remotely suggest a resulting trust in the appellant's favor. We find, however, that the family court failed to consider evidence of the appellant's material contributions through her employment and inheritance. We view the evidence as sufficient to support a claim of special equity in the marital home

and remand for further proceedings in accordance with this view.

It is clear from the record that even an award based upon special equity will fall far short of adequately compensating appellant for the period of twenty years during which she remained out of the marketplace in order to provide a home for the family unit. This Court notes the increasing number of jurisdictions which formally recognize that services of a homemaker over the course of a long marriage give rise to property rights of an equitable nature that must be weighed in divorce settlements. Freed and Foster, "Divorce in the Fifty States," 7 Family Law Reporter, 4049, at page 4054.

The showing made in the instant case persuades us that a third exception to the rule of title should be recognized in South Carolina: where, as here, one spouse has forgone career opportunities at the behest of the primary wage-earning spouse, and throughout a long marriage has remained in the home to rear children and provide a suitable environment for the family, the homemaker spouse shall have upon divorce an equitable interest in real property acquired by the wage-earner spouse during the marriage.

The appellant has also sought equitable division of personal property in respondent's possession. This Court has long considered the matter of personal property division to be a question of equity, reviewing such awards from the standpoint of fairness and reason. *McKenzie*, supra; *Taylor*, supra; *Morris*, supra; *Mason*, supra.

It appears from the record that the trial court considered nothing more than respondent's possession in awarding all personal property to him. In light of the foregoing, this was clearly error.

We, therefore, reverse and remand for further proceedings to determine the equitable rights of appellant in the marital property, real and personal.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.