22892

Suzanne McCormick ROBERSON, Respondent v.
Herman L. ROBERSON, Appellant.
(370 S. E. (2d) 612)

Supreme Court

*F. Glenn Smith,* of Columbia and *Steven A. James,* Charleston, *for appellant.*

*Mendel J. Davis,* North Charleston, *for respondent.*

Heard June 9, 1988.

Decided Aug. 1, 1988.

HARWELL, Justice:

This is an appeal from a divorce decree. The family court ordered appellant Herman L. Roberson (Husband) to pay respondent Suzanne McCormick Roberson (Wife) $25,000 "as her share of the value of" Husband's business and $2500 in attorney's fees. Husband appeals both of the equitable apportionment and attorney's fees portions of the decree. We reverse and remand.

Husband owned and operated a tractor-trailer rig before the marriage. After the marriage, Husband traded his tractor-trailer in on a new rig which, at the time of the hearing, had an estimated value of $43,000. The outstanding loan balance on the rig was $43,509. The business in issue consisted basically of Husband, the truck, and the trailer.

Seven months into the marriage, Wife quit her job as a mechanical design drafter. She allegedly quit to help Husband with his trucking business at home and to accompany him on his hauls. Wife accompanied Husband on trips "every other weekend or every other week" for 10 months before returning to drafting work. Husband claimed Wife quit her drafting job because of problems with a co-worker and because "she just wanted to be with" Husband. He testified that Wife was merely along for the ride; the busi-

ness derived no financial benefit from her presence. The couple had been married for 3½ years when Wife left the marital home.

The family court judge granted Wife a divorce on the grounds of adultery. The decree also awarded Wife the parties' 1984 car, a $25,000 share of the trucking business, and $2500 in attorney's fees. Husband was awarded the parties' mobile home and was ordered to pay the outstanding balance on a credit card bill.

Husband's challenges to the apportionment of the trucking business may be grouped as follows: the decree failed to identify the business as marital property, failed to value it, failed to determine the value of Wife's contribution, and failed to apportion the business in a reasonable manner. We agree with Husband's arguments and hold that $25,000 award to Wife was arbitrary.

First, the trial judge failed to identify the business as "marital property" subject to apportionment under S. C. Code Ann. § 20-7-473 (Supp. 1987) of the Equitable Apportionment of Marital Property Act. The decree contains neither a conclusion that the business was "marital property" nor salient facts to support such a conclusion. The decree thus violates Family Court Rule 27(C), which requires salient factual findings to support the relief granted.

The decree is also defective in its failure to make any findings on the value of the business. *See Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). The only evidence in the record pertaining to the value of the business was presented by Husband's certified public accountant, who reviewed the parties' tax records. The C.P.A. testified that the business had "absolutely no value." The business apportionment issue must therefore be remanded for two reasons: first, the decree makes no findings on the value of the business; second, the record before us does not support a finding that the business had *any* value.

Next, the decree fails to make adequate factual findings concerning the value of Wife's contributions to the business. The decree contains merely a bald assertion of the "active part" Wife played in support of the trucking business; true factual findings are nonexistent. The decree contains no findings on what Wife's contributions actually were, the

value of those contributions, or how that value was calculated. No findings exist on how many hours Wife worked. The scant references to Wife's foregone income and retirement benefits from her former job are equally insufficient to support the award. The decree and the record are virtually silent on the value of those past wages and benefits.

We also agree with Husband's contention that a $25,000 payment to Wife within 30 days of the decree is not a "reasonable means" of effectuating apportionment of the business, if apportionment is indeed merited. *Taylor v. Taylor*, 267 S. C. 530, 229 S. E. (2d) 852 (1976). The record reflects that at the time of trial Husband owned only a business with no value, a used boat, and a mortgaged mobile home. We are unable to discern from the record before us how Husband could have possibly secured $25,000 within 30 days of the decree.

Husband's final contention is that the record does not support an award of attorney's fees to Wife. We agree. Nothing in the decree or the record indicates that the trial judge considered any of the factors set out by this Court in *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). The decree merely ordered Husband to pay $2500 attorney's fees within 30 days. The attorney's fees issue is therefore remanded for specific findings on these factors.

Both the $25,000 award to Wife as her share of the trucking business and the $2500 award of attorney's fees are reversed; all issues are remanded to the Family Court for reconsideration de novo, adequate factual findings, and entry of an appropriate order.

Reversed and remanded.

GREGORY, C. J. and CHANDLER, FINNEY and TOAL, JJ., concur.