PEOPLE'S B. & L. ASSOCIATION v. MAYFIELD.

1. Two Funds—Homestead—Estoppel.—Defendant purchased seven shares of stock and a lot of land which had been pledged and mortgaged, respectively, by his vendor to a building and loan association. The judgment creditors of defendant levied on the land, and under proper proceedings the lot was appraised at $1,500, and ordered to be sold, $1,000 thereof to be paid to the debtor as his homestead. Thereafter the mortgagee instituted proceedings for sale of this stock and foreclosure of the mortgage. *Held*, that the judgment creditors, defendants, were entitled to a decree directing the proceeds of the sale of stock and the $1,000 exemption to be primarily applied to the mortgage, so that the unexempted remainder, if any, might be subjected to the judgment liens, and that this right of theirs was not affected by the determination under the homestead proceedings.

2. Jurisdiction—Service.—This court will not declare that jurisdiction was not acquired over the person of a defendant who accepted service of a summons, no facts appearing to negative the force of such acceptance.

Before Wallace, J., Spartanburg, August, 1893.

Action by the People's Building and Loan Association of Spartanburg County against J. G. Mayfield, P. A. Gardner, and Gardner's judgment creditors, commenced May 2, 1893.

*Mr. Stanyarne Wilson*, for appellant.

*Mr. S. J. Simpson*, contra.

October 30, 1894. The opinion of the court was delivered by

Mr. Justice Pope. It seems that on the 14th day of October, 1890, the defendant, J. G. Mayfield, borrowed of the plaintiff $700, and executed a bond to evidence and secure such loan. As security he pledged to the plaintiff seven shares of the capital stock of the building and loan association named as plaintiff, and also executed to it a mortgage on a certain lot of land

in the city of Spartanburg, in this State. Thereafter the said defendant, J. G. Mayfield, sold and assigned said seven shares of the capital stock in said building and loan association, and also conveyed unto the defendant, P. A. Gardner, in fee simple, by deed, the said lot of land. P. A. Gardner failed in business, and was sued to judgment by the other defendants to this action. They sought to make their money by levy and sale of this lot of land herein referred to, but he resisted such sale until his homestead had been assigned to him. In this contest with his judgment creditors, P. A. Gardner prevailed; but inasmuch as the commissioners in homestead found the house and lot of land was worth $1,500, and could not be so divided as to lay off $1,000 thereof as his homestead, they recommended a sale of the whole, and that the sum of $1,000 from the proceeds of sale be paid to him as his homestead, and the balance of such proceeds be applied to the partial payment of his judgment creditors. This return was confirmed by the Circuit Court, and no appeal was taken.

After these proceedings, the present plaintiff instituted an action for the sale of the seven shares of stock pledged to it, and a foreclosure of the mortgage of the house and lot, and to this action the said J. G. Mayfield, P. A. Gardner, and his judgment creditors were all made parties defendant. In this action no contest is made with the plaintiff. All parties to the action concede that the plaintiff is entitled to the sale of the stock and the foreclosure of the mortgage by a sale, &c.; but the judgment creditors of the defendant, P. A. Gardner, say that while all this is true, still they have an equity to require the plaintiff to have applied to the satisfaction of its debt the seven shares of stock, and then to require the balance of the plaintiff's debt paid out of the $1,000 homestead of defendant Gardner. The defendant Gardner lustily denies this equity. When the cause came on to be heard by his honor, Judge Wallace, at the Fall Term, 1893, of the Court of Common Pleas for Spartanburg, he decided that the judgment creditors of P. A. Gardner did have the equity they contended for, and he decreed accordingly.

From this decree, the defendant, P. A. Gardner, now appeals;

and his grounds of appeal substantially raise these questions:
*First.* That it was error to carve out a portion of defendant
Gardner's homestead after it had been ascertained. *Second.*
That the judgment creditors of P. A. Gardner had no equity to
have their debts paid out of a portion of his homestead. *Third.*
That such judgment creditors are estopped from contesting de-
fendant Gardner's right to the homestead exemption. *Fourth.*
That there was a jurisdictional defect arising from the absence
of J. G. Mayfield beyond the court's jurisdiction.

The first three grounds of appeal may be considered together.
Is it true, that the judgment in favor of Gardner in his contest
with his judgment creditors over his homestead, can be
interposed in this action, where the parties and equities
are quite distinct? We do not think so. It would have
been impossible in the contest between the judgment creditors
of Gardner and Gardner, to have considered any equities that
might flow from the mortgage of the plaintiff here, for such
instrument was not and could not have been before the court
in that contest. This being true, the judgment establishing a
homestead need not be again considered in the light of a barrier
to the inquiry here made. To test the accuracy of the Circuit
Judge, let us see what exactly was before him. It is admitted
that the mortgage of plaintiff covered the entire house and lot.
The judgment defendants here have liens that cover all of the
house and lot, except the $1,000 homestead. Such being the
case, why does not the two-fund doctrine of equity apply, and
force the plaintiff having a lien on both the homestead and all
outside of the homestead in the house and lot, upon the home-
stead, if sufficient for the payment of his debt, so that all the
balance may be applied to the judgments of defendants, who
only have a lien on one part of the house and lot?

As to the last ground of appeal, it appears that J. G. May-
field accepted service of process in this case, and there is no
proof of any facts going to negative the full force and
effect of such service. It is by such service of the sum-
mons the court acquired jurisdiction of him. Jurisdiction
once acquired as to a living party is enough. We see no merit
here, and we are all the more ready to say so, because counsel

for appellant handled it so gingerly in his argument, thereby indicating either a want of confidence in it or an unwillingness to persist in having it considered.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed; and it is ordered, that the cause be remanded to the Circuit Court for such further proceedings as may be necessary.