### 11496

#### WILLIAMS *ET AL. v.* SIMON *ET AL.*

##### (122 S. E., 772)

1. COURTS—THAT DEFENDANT IS NONRESIDENT DOES NOT OUST COURT OF JURISDICTION.—An allegation of complaint that defendant is a nonresident does not warrant inference or conclusion that a Court of general jurisdiction has no jurisdiction of defendant's person.

2. COURTS—JURISDICTION DEPENDS ON PERSONAL SERVICE.—Under Code Civ. Proc., 1922, §§ 378, 389, and 390, Court's jurisdiction of defendant's person is not determined by his nonresidence, but by personal service of process within State.

Before HENRY, J., Beaufort, October, 1923. Order reversed with leave to answer within fifteen days.

Action by L. J. Williams and another doing business under the firm name and style of L. J. Williams & Son, against Wesley D. Simon and another doing business under the firm name and style of I. N. Simon & Son. From an order sustaining a demurrer to the complaint, plaintiff appeals.

*Messrs. W. J. Thomas* and *J. William Thurmond,* for plaintiffs-appellants, cite: *Proof of service:* Code 1922, Subd. 4, Sec. 390; Civil Code, 1922, Sec. 378; 22 S. C., 276; 83 S. C., 14; 5 Rich. Eq., 55; 11 Cyc., 666; 2 Rich., 489. *Demurrer:* Ency. P. P., Vol. 6, 326. *Service:* 76 S. C., 359; 23 S. C., 226. *Service:* 76 S. C., 359; 23 S. C., 226; 73 S. C., 181; 30 Cyc., 525. *Jurisdiction:* 10 Minn., 178; 15 L. R. A., 825; 53 S. C., 112.

*Mr. Randolph Murdaugh,* for respondents, cites: *Demurrer:* Code 1922, Vol. 1, Subd. 1, Sec. 401. *Jurisdiction:* 48 S. C., 65; 115 S. E., 257; 20 Ga., 379; 60 Sou., 858; 105 Md., 126.

May 6, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action for damages, growing out of the alleged tortious failure of the defendants to ship to plaintiffs a particular variety of lettuce seed ordered, it was alleged in the complaint, *inter alia,* that the plaintiffs were residents of Beaufort County, S. C.; that the defendants were copartners doing business under the firm name of I. N. Simon & Son, at Philadelphia, Pa., and that the said defendants were nonresidents of the State of South Carolina. The summons and complaint were personally served upon one of the defendants in Beaufort County, S. C., while said defendant was temporarily in that county. Before time for answering expired, the defendants appeared for the sole purpose of demurring to the complaint upon the ground that it appeared upon the face thereof that the cause of action was *in per-*

*sonam;* that the defendants were nonresidents of this State, and that the Court had no jurisdiction of the persons of the defendants. From an order sustaining the demurrer upon the foregoing grounds, the plaintiffs appeal.

1, 2    We are clearly of the opinion that the order of the learned Circuit Judge was erroneous. An allegation of the complaint that the defendant is a nonresident does not warrant an inference of fact or a conclusion of law that the Court has no jurisdiction of the person of such defendant in an action brought in a Court of general jurisdiction. The Court's jurisdiction of the person of the defendant is not determined by the fact of his nonresidence, but by the fact of personal service of process within the State. Sections 389, 390, 378, Code of Civ. Proc., 1922. *Ford v. Calhoun,* 53 S. C., 111–113; 30 S. E., 830. *Stephens v. Ringling,* 102 S. C., 333; 86 S. E., 683. And see *Pollock v. C. I. B., Etc., Association,* 48 S. C., 65; 25 S. E., 977; 59 Am. St. Rep., 695. *Chaffee v. Postal Tel. Co.,* 35 S. C., 372; 14 S. E., 764. *People's Building & Loan Association v. Mayfield,* 42 S. C., 424; 20 S. E., 290. *McKinne v. Augusta,* 5 Rich. Eq., 55. *Pennoyer v. Neff,* 95 U. S., 714; 24 L. Ed., 565; 11 Cyc., 666. Hence the fact appearing upon the face of the complaint that the denfedant is a nonresident is not such affirmative showing that the Court has no jurisdiction of the defendant's person as will sustain a demurrer.

The order appealed from is reversed, with leave to defendants to answer within fifteen days from the date of the filing of the remittitur in the Circuit Court.

Reversed.

MESSRS. JUSTICES WATTS, FRASER, and COTHRAN concur.