17836

Marilyn P. COLLINS, Respondent, v. Charles A. COLLINS et al., Defendants, of whom Charles A. Collins is Appellant. Marilyn P. Collins, Respondent, v. Charles A. Collins, Robert Perry Collins, a Minor under the age of fourteen years and D. Reece Williams and J. Laurence McNeill, as Trustees for Charles A. Collins, of whom D. Reece Williams and J. Laurence McNeill, as Trustees, are Appellants.

(122 S. E. (2d) 1)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, and *Robinson, McFadden & Moore,* of Columbia, *for Appellant, Charles A. Collins,*

174

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Appellants, D. Reece Williams and J. Laurence McNeill, as Trustees for Charles A. Collins,*

*Messrs. Murchison, West & Marshall,* of Camden, *for Plaintiff-Respondent,*

*Messrs. Murchison, West & Marshall,* of Camden, *for Plaintiff-Respondent,*

September 19, 1961.

LEGGE, Justice.

In this action, commenced in February, 1960, against her husband, for divorce, support for herself and their minor child, and custody of that child, the plaintiff joined as defendants the two trustees under an alleged living trust agreement that had been executed in 1942 by the father of the defendant husband for the benefit of said defendant. The case, once before us on a question of venue, 237 S. C. 230, 116 S. E. (2d) 839, now comes on two separate appeals from a circuit decree dated February 2, 1961, which: (1)

adjudicated on its merits the controversy between the plaintiff wife and the defendant husband; and (2) ordered that in the event of his default in any payment directed by the decree to be made to or for the benefit of the plaintiff and said child, or to her attorneys as their fee, such payment be made by the trustees from the trust assets.

The husband's appeal charges that the decree is erroneous because:

1. The evidence was insufficient to support the holding of physical cruelty and constructive desertion;

2. The amounts awarded for support of wife and child, and for attorneys' fee, respectively, are excessive; and

3. It required the husband to pay all medical and hospital bills incident to the birth and care of the child, and in that connection to reimburse the plaintiff's mother for expenditures made by her for such purposes.

Plaintiff and the defendant husband were married on September 1, 1957. Each was then eighteen years of age. The chronology of their brief married life need not be set forth here; it is to be found in *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270. Nor need we discuss in detail the numerous acts of physical violence committed by him against the plaintiff, commencing shortly after their marriage and continuing into the eighth month of her pregnancy, when in fear for her safety and that of her expected child she left him and went to her mother's home. The evidence in the case at bar fully warranted the trial judge's conclusion that they constituted such physical cruelty as to endanger her health, and afforded sufficient ground for divorce *a vinculo matrimonii.*

The appellant husband is a senior at the University of Georgia and expects to graduate with a degree in business administration in December, 1961. The evidence shows that he owns no property; that from time to time when not attending college he has earned various sums ranging from twenty to fifty dollars a week by selling books and working

in department stores, including one of several in which his family has an interest; and that he is the beneficiary of an *inter vivos* trust established by his father about the year 1942, but has at present no control over the distribution of its income or corpus (presently appraised at about $75,000-.00), the trustees having the right in their sole discretion to control such distribution until he reaches the age of twenty-eight years.

The decree under appeal ordered the appellant to pay to his wife on February 15, 1961, and monthly thereafter through December, 1961, $200.00 of which $100.00 was for alimony and $100.00 was for the support and maintenance (exclusive of medical and hospital care) of the child. It further ordered that commencing January 1, 1962, these monthly payments be increased to $300.00, of which $150.00 should be for alimony and $150 should be for support and maintenance (exclusive of medical and hospital care) of the child. Since February 15, 1961, the payments of $200.00 monthly provided for in Judge Grimball's order have been made. To assume that the appellant will be able immediately after his graduation to pay or procure payment of a larger amount each month would be to indulge in speculation. If later his financial situation shall justify larger payments they may be ordered, upon proper showing. In the meantime the payments of $200.00 monthly, ordered to be made through December, 1961, shall continue to be made thereafter; and the decree is modified accordingly.

The trial judge, having taken into consideration respondent's financial inability to pay her attorney for his services, fixed his fee at $3,000.00, and ordered it paid by the appellant husband. By the terms of the decree, the fee so ordered to be paid was to be "in payment of all past legal services", but was not to include compensation "for any future services that the plaintiff or her son may require as a result of this litigation." Appellant contends that the fee so allowed is excessive, and that the evidence shows that it is beyond his ability to pay.

The record here reveals that over an extended period of time prior to the commencement of this action respondent's counsel rendered services to her in other litigation arising out of her marital trouble, to wit: (1) an action for divorce in the Juvenile, Domestic Relations and Special Court of Kershaw County, dismissed for lack of jurisdiction; (2) another action in that court, in which the defendant unsuccessfully attacked the jurisdiction and thereupon served notice of intention to appeal; (3) criminal prosecution of the defendant for nonsupport, *State v. Collins, supra,* in which respondent's counsel collaborated with the solicitor both in the trial and in the appeal; and (4) action for divorce in the Court of Common Pleas for Horry County, terminated by consent order setting aside the attempted service of the summons and complaint.

That the trial judge in fixing the fee took into consideration counsel's services in those matters is suggested by his having admitted, over objection, evidence of them "as part of the past history of the proceeding", and by the statement in the decree under appeal that the fee allowed "is in payment of all past legal services."

The successful litigant had not right at common law to recover attorney's fees from his opponent. When allowed, such fees are in the nature of costs, and the right to recover them is statutory. 14 Am. Jur., Costs, Section 63, p. 38.

Section 20-112 of the 1952 Code, which is the statutory authority for respondent's claim, provides that in every action for absolute divorce the wife, whether plaintiff or defendant, may apply for allowance of a fee for her attorney, and that if such claim appear well founded the court shall allow a reasonable sum therefor. The statute does not suggest that the fee be in anywise referable to services in other litigation, and we construe it as authorizing its allowance for services in the particular action only.

Whether or not in a divorce proceeding the husband's financial status is a factor to be considered by the court in its assessment of the fee of the wife's counsel is a question that has been variously discussed in other jurisdictions, Anno. 56 A. L. R. (2d) 41, 115, and to which we shall not attempt a categorical answer, though it would seem to us that the husband's wealth or poverty is a matter bearing not so much upon the value of such services as upon the collectibility of the award therefor. For where the wife has demonstrated to the court, as she has here, that her claim for attorney's fee is well founded, she is entitled to a reasonable allowance therefor, taking into consideration the nature, extent and difficulty of the services rendered, the time necessarily devoted to the matter, the professional standing of her counsel, cf. *Duncan v. Breithaupt,* 1 McCord's Law 149, 12 S. C. L. 149, the contingency of compensation, and the beneficial result accomplished (the last involving of necessity the financial status of both parties as bearing upon the amount of alimony) ; and to judgment accordingly. That the husband may be unable to pay it affords no basis for denial of such a judgment. Cf. *Messervy v. Messervy,* 85 S. C. 189, 67 S. E. 130, 30 L. R. A., N. S., 1001, 137 Am. St. Rep. 873.

Counsel for all parties in the case at bar are well known to this court as gentlemen of the highest professional standing; and the case has been ably handled on both sides. We have carefully considered the voluminous record and are of opinion that $1,500.00 is a fair and reasonable sum to be allowed as compensation for respondent's counsel for services in this case from its commencement through the present appeal; and judgment against the appellant husband therefor is ordered accordingly.

Robert Perry Collins, the child of the respondent and her husband, appellant herein, was two years old at the time of the last hearing before Judge Grimball. It appears that he is not a strong, healthy child; that he has had several illnesses;

and that at the time of said hearing he was under medical observation to determine whether or not his hearing was defective. The appellant husband has paid none of the hospital or medical bills incident to the child's birth, nor has he paid anything for its subsequent medical treatment or hospitalization. Respondent being without funds, her mother has paid some of these expenses and the evidence indicates that she has assumed responsibility for payment of others. Respondent's mother testified that she had paid more than four hundred dollars for the child's medical and hospital expenses, and that she had also paid approximately two hundred fifty dollars for the expenses of a trip (on which she had accompanied respondent and the child) to Johns Hopkins Hospital in Baltimore for its observation and treatment.

The decree under appeal ordered that the appellant husband pay all bills incurred and paid by the respondent or her mother on her behalf for hospitalization, medical care, and medicines incident to the birth of the child and to its care up to the date of the decree. To this ruling appellant has excepted, upon the following grounds:

1. That no such relief was demanded in the complaint;

2. That respondent's mother is not a party to the action; and

3. That the evidence shows that it is impossible for the appellant to make such payment.

The complaint alleged that since the date of their separation, September 23, 1958, the defendant had failed, refused and neglected to support the plaintiff and "to pay any expenses, including hospital and doctor bills, incurred by reason of the birth of the defendant child." It concluded with prayer for divorce, support, counsel fees, and custody of the child, and for such other and further relief as the court might deem proper.

We do not agree with the suggestion, in the first of the three grounds of exception just mentioned, that here was material variance between allegation and proof. Appellant

fails to show, as required by Section 10-693 of the Code, that proof of the expenditures in question misled him to his prejudice. Evidence of them was admitted without objection on his part, and the witnesses, respondent and her mother, were cross examined without reservation concerning them.

Nor do we find any merit in the contention that appellant should not be held liable for payments made by respondent's mother because she is not a party to this action. Appellant was under legal duty to pay for the hospital and medical services incident to the birth of his child and for its subsequent medical care and hospitalization. His abandonment of his wife and child, casting upon her and her mother the necessity of paying and incurring such obligations, did not relieve him of that duty or discharge his liability for its performance by others. *Beigler v. Chamberlin*, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B 215; 17A Am. Jur., Divorce and Separation, Section 866, p. 54.

We do not think that in respect of specific amounts paid by her for hospitalization and medical care of the child the joinder of respondent's mother as a party to this action was necessary. Had the hospital bill incident to the child's birth remained unpaid, would the joinder of the hospital have been necessary in a case of this kind to support a decree ordering the father to pay it? We do not think so. The cause being in equity, the court may determine incidental questions, afford complete justice, and prevent multiplicity of litigation. *Backler v. Farrow,* 2 Hill Eq. 111, 11 S. C. Eq. 111; *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873.

Appellant, primarily liable for the payment of the cost of necessary hospital and medical care of his minor child, is entitled to be protected against having to pay any such obligation more than once. He is entitled to no more; and it would be quibbling to hold, in the circumstances of this case, that each person who rendered such service, or paid for it, must be made a party to the

cause or bring a separate action in order to recover for such service or to be reimbursed for the amount paid for it. Here it is undisputed that from the time of its birth the child has been in the care of its mother and her mother. Such obligations as have been contractually incurred for its necessary hospitalization and medical care have been incurred by either or both of them, and by no one else. The evidence does not reveal the precise amount of each item of such obligations so claimed to have been incurred and either paid or still owing. The cause is therefore remanded to the trial court, to the end that after reasonable notice to the appellant through his counsel and to the respondent and her mother, the amount of such obligations and by whom each was incurred or paid may be determined either upon direct hearing or after reference. At such hearing or reference respondent's mother may present such claim for reimbursement as she may be advised, and, so doing, shall be bound by the judgment of the court thereabout. For the amount of all such necessary obligations so determined by the court to have been incurred and paid by either the respondent or her mother on her behalf the respondent shall have judgment against the appellant husband. As to such portion of said judgment as shall represent the total amount paid by her mother, the respondent shall hold the same for the benefit of her said mother, and shall apply the proceeds thereof as and when collected to her reimbursement.

The third ground of exception before mentioned is overruled. What has already been said with regard to appellant's claim that he is unable to pay anything for the support of his wife and child or for compensation of her counsel is equally applicable to his contention that his inability to pay for necessary hospital and medical care of the child should insulate him from liability therefor.

The appellants D. Reece Williams, an attorney, of Lancaster, S. C., and J. Laurence McNeill, of Raeford, N. C., are substituted trustees of an irrevocable *inter vivos* trust

created by the parents of the appellant Collins by instrument dated January 3, 1942. The original trustee was Beatrice Ambrose Collins, appellant's mother; substitution of the present trustees took place in 1942 or 1943.

The summons and complaint were served upon Mr. Williams at Lancaster on May 24, 1960. A copy was sent by mail to Mr. McNeill at Raeford and was received by him on June 14, 1960.

On June 10, 1960, Mr. Williams as trustee demurred upon several grounds, among them:

1. That the provisions of the trust instrument set forth in the complaint showed that the defendant Collins had no legal right to demand any part of the principal or income of the trust estate, and that the right to make or withhold payments therefrom was vested in the sole discretion of the trustees;

2. That the complaint failed to allege that any property of the trust was within the court's jurisdiction; and

3. That a defect of parties was apparent, in that the non-resident trustee was not subject to the court's jurisdiction.

On June 28, 1960, Mr. McNeill as trustee, appearing specially, moved to quash the attempted service upon him as ineffectual to confer jurisdiction.

The demurrer and the motion to quash were heard before Judge Grimball on January 6, 1961; and after arguments by counsel for the plaintiff and counsel for the defendant trustees the court took the matter under advisement. Thereafter on January 9 and 12, respectively, written briefs were filed with the court in support of the motion and of the demurrer.

Preliminary hearings were had on the issues between the plaintiff and the defendant Collins on May 26, 1960, and December 21, 1960; and hearing on the merits on January 6, 1961. Neither of the defendant trustees, nor their counsel, participated in these hearings. At the hearing on May 26, 1960, the defendant Williams appeared and testified under subpoena from the plaintiff.

Judge Grimball's decree on February 2, 1961, from which this appeal comes:

1. Held that the court had jurisdiction over the trust estate, and that the demurrer of the two trustees "must be overruled". (As before noted, the demurrer was by the defendant Williams, as trustee, alone.)

2. Did not expressly pass upon the motion to quash.

3. After granting the divorce to the respondent and making provision for alimony, counsel fees, support for the minor child, custody of said child, and payment of medical and hospital expenses, ordered that in the event of default by the defendant Collins in any of the payments so directed to be made by him, the trustees should make such payments out of the income or corpus of the trust estate.

It is not suggested that the demurrer on the part of the defendant Williams was interposed in bad faith or for purposes of delay. Upon its being overruled he should have been allowed to answer the complaint. Code 1952, Section 10-644. Not to accord him that right was error. So also was it error not to afford to the defendant McNeill the opportunity to "appear generally or answer or plead or contest upon the merits." Code 1952, Section 10-648. But aside from these considerations we are of opinion that respondent's effort to obtain relief at the hands of the trustees was futile, for the reasons hereinafter stated.

McNeill's motion to quash should have been granted. The action was not *in rem* against the trust assets, and manifestly could not be sustained as such because they were not within the court's jurisdiction. As an action *in personam* it could reach Mr. McNeill only by service of the summons upon him within the jurisdiction or by his general appearance. Code 1952, Sections 10-401, 10-404; *Williams v. Simon,* 128 S. C. 315, 122 S. E. 772; *Raines v. Poston,* 208 S. C. 349, 38 S. E. (2d) 145. Neither of these events took place.

The trust instrument, after directing that the trustee ▪ hold and invest the entire net income of the trust during the minority of the *cestui*, goes on to provide as quoted in the complaint:

"After Charles Andrew Collins attains age twenty-one years the trustee is authorized in her sole discretion to pay to the said Charles Andrew Collins, or to apply for his benefit or to pay over and deliver to him discharged of all trust the whole or any part of either the income or principal of the trust estate to the extent that she shall determine that he has habits of sobriety, thirft and economy and the trustee is satisfied as to his ability to manage and control such property at the time of payment or distribution."

It futher provides that after Charles Andrew Collins shall have attained the age of twenty-eight years he shall receive one-half of the net income and that the trustee shall have discretionary power to make additional payments to him upon the same conditions as were applicable prior to his attaining that age. It further provides that when Charles Andrew Collins shall attain the age of thirty-three years the trust shall terminate and the entire trust estate remaining shall be paid over to him discharged of all trust. It further provides for the handling and ultimate distribution of the trust assets in the event of the death of Charles Andrew Collins prior to the termination of the trust.

Charles A. Collins, the beneficiary, is now twenty-two years old. During the next six years, if he live so long, he will by the express terms of the trust be entitled only to so much of the income or principal as the trustees in their sole discretion shall see fit to give him. During that period he cannot compel the trustees to pay any part of the trust fund; and his creditors, who are in no better position, cannot reach it. Restatement of the Law of Trusts, 2nd, Section 155.1; Scott on Trusts (2nd Ed.), Section 155, p. 1083; *Kiffner v. Kiffner*, 1919, 185 Iowa 1064, 171 N. W. 590. Cf. *Albergotti v. Summers*, 203 S. C. 137, 26 S. E. (2d) 395.

The complaint here showed on its face that by the express provisions of the trust instrument the defendant Collins would have no legal right, prior to his attaining the age of twenty-eight years, to compel payment of any part of the trust fund. There being no allegation that he had reached that age, it failed to state a cause of action with respect to the trustees. On its first ground before mentioned, the demurrer of the defendant Williams should have been sustained. We need not explore the others.

The defendant Collins has not appealed from the award of the child's custody to the respondent subject to reasonable visitation by him, or from that portion of the decree that impresses upon all income that he may hereafter receive from the trust estate a lien to the extent, and as security for the payment, of any amounts then due by him for alimony, respondent's counsel fees, and the support, medical care, and hospitalization of the minor child.

Except as hereby modified, the decree appealed from is affirmed, with costs to the respondent, and the cause is remanded for further proceedings in conformity with this opinion.

Modified and remanded.

TAYLOR, C. J., and OXNER, MOSS and LEWIS, JJ., concur.