20946

Betty Lee INGRAM, Respondent, v. James E. INGRAM, Appellant.
(254 S. E. (2d) 680)

*Jan L. Warner* of *Weinberg, Warner, Brown & McDougall,* Sumter, and *George W. Hartzell,* Cheraw, *for appellant.*

Respondent not represented by counsel.

April 24, 1979.

*Per Curiam:*

This appeal is taken from an order in the lower court which, in part, granted respondent a divorce and awarded her certain relief. Part of this relief consisted of the trial judge's ordering appellant to convey an apartment house to respon-

dent and providing that she was to receive rent accruing after the conveyance. He further provided that respondent was to have title to certain household furnishings and appliances.

While, in her complaint, respondent requested exclusive use of an automobile and residence of the parties, she made no request for title to the furniture, the appliances or the apartment house and made no general request for a property settlement.

Section 14-21-1020 of the Code of Laws of South Carolina (1976), as amended, provides in part, as follows:

The [family] court shall have all the power and authority and jurisdiction by law vested in the circuit courts of the State in actions:

(1) For *divorce a vinculo matrimonii* and *a mensa et thoro* and for settlement of all legal and equitable rights of the parties in such actions in and to the real and personal property of the marriage, if prayed for in the pleadings thereto.

Here, since respondent made no request for the settlement of the rights of the parties to real and personal property in general or the above mentioned property in particular, the trial judge erred in awarding it to her. Thus, those portions of his Order which gave respondent the right to the apartment house and its income and the right to certain furniture and appliances are reversed. We remand this case for further proceedings to reconsider the other relief awarded in light of this reversal.

After a full consideration of the remaining issues raised by appellant we are of the opinion that no error of law appears and that these issues are governed by well settled principles of law. Accordingly, they are dismissed under Rule 23 of the Rules of Practice of this Court.

Affirmed in part; reversed in part and remanded for further proceedings not inconsistent with this opinion.