## 21044

William Henry McLEAN, Respondent, v. Belinda Elaine McLean, Appellant.

(257 S. E. (2d) 751)

*Richard G. Dusenbury,* Florence, *for appellant.*

*C. Weston Houck,* Florence, *for respondent.*

August 28, 1979.

RHODES, Justice:

Respondent (husband) commenced this action for divorce on the ground of adultery. Appellant (wife) counterclaimed for a divorce from respondent on the grounds of adultery and habitual drunkenness. She also sought custody of the child of the parties, support and maintenance for herself and the child, and attorney's fees. Each party denied the material allegations of the others' pleading. The court below granted respondent a divorce on the ground of adultery, awarded

custody of the child to the appellant, and set $41.20 per month as the amount of support payments respondent would make for the benefit of his child. The court denied appellant's prayer for divorce, support for herself, and attorney's fees.

This appeal is confined to the assertion of error in the amount of child support awarded, particularly in that the trial judge did not consider a trust of which the respondent is the beneficiary as an asset in fixing the award; and, in the failure of the trial court to award attorney's fees to the appellant. We reverse and remand.

The respective ages of the husband and wife are thirty-five and twenty-nine, with the child being four years of age. The parties were married in 1971 and suit was instituted for divorce in 1978. The marriage was tempestuous for the most part with several temporary separations occurring during the seven years of marriage. The respondent was employed at the time of the hearing with the State Highway Department with net earnings of approximately $85 per week. During the marriage, this family lived under poverty conditions, as illustrated by the fact that one of the places in which they lived is described as having no running water except in the bathroom, no heat, and rented for $40 per month.

The trial judge based his award of $41.20 per month child support solely on the Highway Department earnings of respondent. The record reflects that respondent has a child by a previous marriage to whom he is likewise paying $41.20 a month as support.

The principal issue in this case is whether the trial judge erred in not considering a trust fund of which respondent is the beneficiary as an asset in determining support for the child. In his decree, after taking notice of the existence of the trust fund, which trust agreement was placed into the record as an exhibit, the trial judge states, "At the present, the only income that this court is going to consider in deter-

mining support and maintenance is petitioner's salary at the South Carolina Highway Department."

The *inter vivos* trust in question was created by respond-William H. McLean, on August 6, 1970, with the older brother of the respondent, A. F. McLean, Jr., being named as trustee and the corpus of the trust consisting of numerous parcels of land in the Ocean Drive area of Horry County. The trustee, who is an experienced and successful business man, testified that he estimated the value of the corpus of the trust at $700,000. Incredible as it seems, considering the magnitude of the corpus, the trustee testified that there had been "very little or no income" earned by the trust in the eight years of its existence.

The trustee has not been made a party to this suit, ▮ ▮ and for such reason we are of the opinion that he cannot be compelled in the present action to pay sums from the trust fund for the support of the beneficiary's child. *Collins v. Collins,* 239 S. C. 170, 122 S. E. (2d) 1 (1961). Accordingly, we deem it inappropriate in this action to analyze in depth or definitively rule on the accessibility of the trust funds for child support. However, we are confronted with the question in this case of whether the trial judge erred in refusing to consider the trust funds as assets of respondent in determining the amount of child support, the answer to which necessarily involves a consideration of the nature of such fund. As stated in *Collins,* also a divorce case, "The cause being in equity, the court may determine incidental questions, afford complete justice, and prevent multiplicity of litigation." 239 S. C. at 181, 122 S. E. (2d) at 6 (citations omitted).

The trust in question was created by respondent from ▮ his own property and contains the classic spendthrift clause providing that neither the income nor principal shall be subject to assignment, alienation, pledge, attachment or claims of creditors of such beneficiary. The trust

agreement further provides that the trustee shall pay to respondent during his lifetime the net income from the trust. Respondent argues that *Collins* is dispositive of the question. We disagree. *Collins* construed a discretionary trust. *See* 91 A.L.R. (2d) 281. The trust involved here differs materially in its terms from that in *Collins*. A significant legal distinction between the two trusts is that in *Collins* the trust was created by a third party, whereas here the trust was created by the beneficiary from his own assets. *See* Restatement of Trusts, (2d) § 156. The trust in the present action is properly characterized as a spendthrift trust rather than a purely discretionary trust. Many courts have made a distinction favorable to the appellant in interpreting the former type of trust. The Restatement of Trusts, (2d) § 157 provides as follows:

Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

(a) by the wife or child of the beneficiary for support, or by the wife for alimony.[1]

We hold that the trial judge was in error in refusing to consider the trust in which the respondent is both settlor and beneficiary as an asset in fixing the amount of child support.

The sum of $41.20 as child support under the facts of this case is patently inadequate. Such legal doubt as may exist in construing the trust should have been resolved by the trial judge in favor of the child in setting the support award. The irresponsible nature of respondent towards the support of his child is apparent in that, during all of the years of marginal subsistence of the family, he has not seriously sought any financial help of the trustee from the trust fund.

---

[1] This section of the Restatement has been quoted and approved in a number of cases from various jurisdictions. For collected cases see 91 A.L.R. 2d 272.

Upon remand of this case, the trial judge is directed to set a reasonable sum as support for the child of this marriage, and in so doing, he shall take into consideration as an asset of the respondent both the corpus and income of the trust fund herein considered.

In her final exception appellant asserts error in the failure of the trial judge to award her attorney's fees.

Independent of the divorce facet of the action, there was involved the issue of child custody, on which issue appellant was successful. The child support issue in this particular case was certainly not routine. An issue new to the courts of this state was involved. It is obvious from the record that the appellant has no funds with which to pay adequate attorney fees. The denial of fees for the handling of the custody and child support issues was against the clear preponderance of the evidence, and the trial judge abused his discretion. On remand, a reasonable attorney's fee shall be awarded by the lower court.

This case is reversed and remanded for compliance with the directions contained in this opinion.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.