0018

Mamie Leopard HARVLEY, Respondent, v. Wilbur Ray HARVLEY, Appellant.

(310 S. E. (2d) 161)

Court of Appeals

*William H. Burkhalter, Jr.,* of *Garvin, Fox, Zier, Burkhalter & Hatcher,* North Augusta and *Pierce S. White, Jr.,* Saluda, *for appellant.*

*C. David Sawyer,* Saluda, *for respondent.*

Dec. 12, 1983.

SHAW, Judge.

Respondent Wife brought this action for divorce on the ground of adultery. In a Decree dated September 4, 1980, the Trial Judge granted Respondent's request. Appellant Husband was ordered to convey a one-half interest in the marital home to Respondent, to pay her $2,000 as reimbursement for one-half of the repairs made by the wife to the home and to pay one-half of all taxes, insurance and improvements on the home. The wife was allowed to keep all household furnishings with the exception of one-half of all bed linens, towels, dishes, pots, pans and silverware; the air compressor, an old freezer and appellant's personal papers. Additionally, appellant was ordered to pay $125/month in alimony plus 3% court costs. In lieu of alimony, the $2,000 in repairs and his share of the house's maintenance, appellant was given the option of conveying his one-half interest in the house to the wife. Appellant was also ordered to pay $833 in attorney's fees. This appeal followed. We affirm in part, reverse in part and remand.

First, appellant claims that there was no corroborating evidence to sustain the charge of adultery. The main reason for the rule requiring corroboration is to prevent collusion. Where it is evident that collusion does not exist, this rule may be relaxed. *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537 (1964). Upon a review of the entire record, there is no evidence that parties colluded to obtain this divorce. The husband admitted his adulterous behavior on several occasions. There is no need to corroborate the uncontradicted admission of appellant against his own interests. The ground for divorce is sustained.

Appellant next contests the division of the household furnishings. Equitable distributions of marital property in this state are made depending on such factors as each party's contribution to the acquisition of property during marriage, *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566

(1978), the relative incomes of each party and the conduct of the parties. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980).

The record shows that both parties worked during the marriage and had relatively equal earning capacities. Each party contributed to maintaining the home, rearing the children and paying the bills. The evidence shows that the wife's father gave the parties the land on which their home is situated and that the husband built the house himself. Appellant's adulterous behavior caused the divorce and is the reason he was not employed at the time of the trial below. Respondent enjoys greater economic circumstances due to an inheritance.

Based upon this showing of equal contributions, both financially and otherwise, to the economic family unit during the marriage, it was error for the lower court to give the wife a one-half interest in the house, sole possession of it, almost 100% of its furnishings and to require the husband to help with its maintenance. While the husband's misconduct caused the divorce and his unemployment, this factor is offset by the wife's greater wealth. The division of the household furnishings and home are remanded to the lower court for a redetermination in line with these findings. *Atkinson v. Atkinson*, S. C., 309 S. E. (2d) 14 (1983).

In *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981), the Supreme Court set out the factors to be used in determining whether alimony should be awarded. These factors are (1) the financial condition of the husband and the needs of the wife, (2) the age and health of the parties, their respective earning capacity, their individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7) the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the parties.

Again, the parties appear to be nearly equally situated concerning earning capacity, contribution to their joint wealth, age and health and respective necessities. Therefore, the amount of alimony is affirmed.

Appellant next contests the part of the decree ordering him to pay $2,000 in repairs on the house. Prior to the divorce, appellant had been responsible for maintaining insurance on the house. He was unable to make the insurance payments because he lost his job due to his adulterous affair. That being so, appellant has no right to complain over being made to pay one-half of the necessary repairs for the house.

Lastly, appellant contests the imposition of 100% of the wife's attorney's fees. No issue is raised as to their reasonableness. Considered in light of all the facts and circumstances of this case, there has been no abuse of discretion. The fact that the wife is gainfully employed and the husband is unemployed does not deprive the wife of this judgment, especially where, as here, the husband has other assets with which to satisfy it. *See Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302 (1969); *Collins v. Collins,* 239 S. C. 170, 122 S. E. (2d) 1 (1961).

Accordingly, the issues of payment of $2,000 on the house repairs, alimony and attorney fees are affirmed, and, the issues of equitable distribution of personal property and the marital home are remanded.

CURETON and GOOLSBY, JJ., concur.