0218

Lois M. BARNETT, Respondent, v. Cecil L. BARNETT, Appellant.

(318 S. E. (2d) 570)

Court of Appeals

*Dallas D. Ball,* Liberty, *for appellant.*

*Samuel B. Fewell, Jr.,* and *Charles W. Blackwell* of *McMehan, Hancock, & Blackwell,* Rock Hill, *for respondent.*

Heard March 22, 1984.

Decided July 16, 1984.

SHAW, Judge:

This is an action for divorce and other relief. The Family Court Judge granted the respondent-Mrs. Barnett a divorce on the ground of adultery, distributed the marital property,

and ordered the appellant-Mr. Barnett to pay alimony, child support, and attorney's fees. We affirm in part, reverse in part, and remand.

Prior to this lawsuit, the parties were married for over twenty years. Two children were born of this marriage; one is emancipated while the other is a minor currently living with her mother.

Mrs. Barnett instituted this action seeking a divorce on the grounds of adultery and physical cruelty, custody of the minor child, title to the marital home, alimony and child support, attorney's fees, and "such other and further relief as the court may deem just and proper." Mr. Barnett answered and counterclaimed for a divorce also on the ground of adultery. He agreed that Mrs. Barnett was the proper party to have custody of the child.

The hearing was held on September 4, 1980. The Family Court Judge issued his order dated October 9, 1980 in which he granted Mrs. Barnett a divorce on the ground of adultery, awarded her custody of the child with reasonable visitation rights to Mr. Barnett, awarded Mrs. Barnett full title to the marital home (land and trailer), including all household furniture and furnishings, along with the obligation to pay the mortgage, and ordered Mr. Barnett to pay $300 per month in alimony, $200 per month in child support, and $500 in attorney's fees.

This being a matter in equity heard by a single judge, we are entitled to find facts based upon our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Mr. Barnett asserts the entire order is invalid for failing to comply with Family Court Rule 27(C) which requires, among other things, that the order shall be reduced to writing as soon after the hearing as possible, but no later than thirty (30) days. In *Hogan v. Hogan*, 278 S. C. 547, 299 S. E. (2d) 481 (1983), the order was not issued until almost two years after the first hearing. The Supreme Court stated that the disposition of the case had been "overly prolonged" and that justice required a de novo hearing and a proper and timely order.

Here, the order was issued five days after the thirty day limit had expired. In this situation, the case was not overly

prolonged. A violation of this time requirement will result in a de novo hearing only when justice requires it.

Mr. Barnett has failed to show any prejudice to himself resulting from the untimely order. Nearly all of the terms of the final decree were announced in open court at the conclusion of the hearing on September 4. With his knowledge of the outcome of the divorce, Mr. Barnett proceeded to remarry before the written order was issued. Without a showing of prejudice, the technical violation of this time requirement does not constitute grounds for reversal. *See Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974).

In the distribution of the marital property, Mrs. Barnett received the trailer, the land on which it is situated, the responsibility for paying the mortgage thereon, and all of the household furniture and furnishings. Mr. Barnett contends the judge erred in failing to set out the salient facts on which the distribution was made and in giving Mrs. Barnett the personal property when she requested none. We agree.

Whenever a spouse has made a material contribution of industry and labor during a marriage to the acquisition of property, a special equity or equitable interest arises in that party's favor. *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982); *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980). However, the trial judge is required to set out the salient facts upon which the equitable distribution is made, Family Court Rule 27(C), and to identify and value the personal property of the marriage. *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (1984).

The testimony showed that the trailer and land were owned jointly by the parties. While Mr. Barnett brought a larger income into the family, Mrs. Barnett worked during the entire marriage and took care of the children and the marital home. Mr. Barnett's adulterous and cruel behavior caused the break-up of the marriage. These factos, plus the fact Mr. Barnett stated at the trial that he was willing to allow Mrs. Barnett to have the trailer if she would pay for it, justify the decision to give Mrs. Barnett the trailer and land and to require her to pay the mortgage. *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601 (1981); *Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978). Based on our view of the

preponderance of the evidence as found in the transcript of record, we see no abuse of discretion concerning the parties' real property. *Levy v. Levy*, 277 S. C. 576, 291 S. E. (2d) 201 (1982); *McSwain v. Holmes*, 269 S. C. 293, 237 S. E. (2d) 363 (1977).

The distribution of the parties' personal property (household furniture and furnishings) is another matter. The trial judge failed to identify and value these items. *Reid v. Reid, supra.* He also failed to set forth the salient facts relied upon in giving Mrs. Barnett 100% of this property in violation of Family Court Rule 27(C). *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983). He also gave her this property despite the fact that she did not specifically request it. Normally a party may not receive relief not requested in the pleadings. *Ingram v. Ingram*, 273 S. C. 113, 254 S. E. (2d) 680 (1979). Mrs. Barnett has the burden of showing an entitlement to this property if she desires it. This issue is remanded for a determination of the content and value of the household furnishings and furniture and a proper distribution thereof. In making this determination, it should be kept in mind that Mrs. Barnett has received the land and trailer. *See Harvley v. Harvley*, 279 S. C. 572, 310 S. E. (2d) 161, 163 (S. C. App. 1983).

With regard to the alimony, child support, and attorney's fees, these issues are also remanded for a proper determination in compliance with Family Court Rule 27(C) and *Atkinson v. Atkinson, supra.* As to the child support, Mrs. Barnett specifically requested custody of the parties' minor child, Mr. Barnett agreed that she should have custody, and the trial judge specifically awarded custody to Mrs. Barnett. Therefore, under Section 20-3-160 of the 1976 South Carolina Code of Laws, the trial judge has the authority to make such orders concerning the maintenance of the child as the circumstances of the parties, the nature of the case, and the best interest of the child require. *Fender v. Fender*, 256 S. C. 399, 182 S. E. (2d) 755 (1971); *Lee v. Lee*, 237 S. C. 532, 118 S. E. (2d) 171 (1961). Mr. Barnett's contention that no award of custody was made and that the court thus lacked the authority to award child support is without merit.

Affirmed in part, reversed in part, and remanded.

SANDERS, C. J., and BELL, J., concur.