0315

Frances Sue Gore BAILEY, Respondent-Appellant, v. Thomas Ernest BAILEY, Appellant-Respondent.

(323 S. E. (2d) 63)

Court of Appeals

*Irby E. Walker, Jr.,* Conway, *for respondent-appellant.*

*John L. Weaver,* Florence, *for appellant-respondent.*

Heard Sept. 26, 1984.

Decided Nov. 14, 1984.

GARDNER, Judge:

Frances Sue Gore Bailey (the wife) brought this divorce action against Thomas Ernest Bailey (the husband). The wife was granted a divorce on the ground of habitual drunkenness. Both parties appeal portions of the divorce decree. We affirm in part, reverse in part and remand.

The parties were married in 1962 and have two daughters, one of whom is now about 19 years old and the other about 15 years old. The parties were married when they were a year or two out of high school.

During the first ten years, the wife worked as a homemaker and the husband farmed with his father. The husband's drinking gradually increased over the first ten years of the marriage. We find from the record that he became a near alcoholic in the early 1970's and this condition was exacerbated by increased daily drinking so that shortly before the divorce hearing he was drinking a pint or two a day.

The husband is an only child. His parents have been very indulgent. About four years after the marriage, the husband's father conveyed to him a one and one-fourth acre lot. The parties borrowed the money to build the marital home on this lot.

At issue on appeal are whether (1) the wife was entitled by equitable distribution to an additional one-fourth interest in a motel located in Cherry Grove, S. C., (2) the trial judge erred in awarding the wife a one-half interest in the marital home by way of special equity, (3) the trial court erred in ordering

the husband to pay the wife $2,200 for the purchase of an automobile and (4) the trial judge erred in awarding the wife $2,500 for attorney fees.

I.

The motel property was purchased with funds acquired by the husband and his father by sale of a farm. The motel was originally titled in the name of the wife, the husband, the husband's father and the husband's mother as equal co-tenants, each owning a one-fourth interest. Later the husband's father and mother conveyed their interest to their son, the husband.

Neither the wife's petition nor the husband's answer seeks equitable distribution of the real property of the marital estate. It would have been reversible error for the trial judge to grant relief not responsive to the pleadings. *Crocker v. Crocker*, 281 S. C. 154, 314 S. E. (2d) 343 (App 1984). Furthermore, Section 20-7-420, South Carolina Code of Laws, as amended (1976), grants the family court exclusive jurisdiction to hear and determine ". . . all legal and equitable rights of the parties in [divorce] actions in and to the real and personal property of the marriage . . ., if requested by either party in the pleadings." Since neither of the parties requested in the pleading equitable distribution of the real property of the marital estate, it is doubtful that the trial court had jurisdiction of the motel property.

II.

We find no error in the award of a one-half interest in the marital home. The house was built during the marriage and occupied for nearly 20 years as the marital home; it thus became part of the marital estate. The wife, in her petition, requested a special equity in the marital home by reason of monetary contributions and homemaker services rendered as a wife and mother. The learned trial judge properly awarded a one-half interest in the marital home to wife. *Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982).

III.

In her petition, the wife prayed for possession of a 1977 Oldsmobile and that the husband be required to continue

making payments owed on the Oldsmobile. The prayer of the wife's petition sought an equitable distribution of the personal property. The parties agreed on the distribution of all personal property of the marital estate except the Oldsmobile; consequently, only the equitable distribution of the vehicles of the marital estate is involved in this appeal.

There is evidence of record that there were two automobiles (cars) and one pickup truck which constituted the vehicles of the marital estate. Two weeks before trial, the Oldsmobile was wrecked and totally destroyed while husband was driving it. The judge found that the husband was drinking at the time of the wreck but did not conclude or find this to have been the cause of the wreck.

The vehicles were neither identified nor valued by the appealed order. In order to equitably distribute a marital estate, it must be identified and valued. *Barnett v. Barnett*, 318 S. E. (2d) 570 (S. C. App. 1984). This was not done by the appealed order, which simply awarded $2,200 to the wife for purposes of paying for an automobile she purchased after the separation of the parties and before the Oldsmobile was wrecked. This was error; we reverse and remand for purposes of identifying the vehicles of the marital estate and evaluating them for the purpose of equitable distribution.

## IV.

The husband next challenges the validity of the award of $2,500 attorney fees to the wife. The record supports this award and we so hold.

Affirmed in part, reversed in part and remanded.

SANDERS, C. J., and CURETON, J., concur.