THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen Ann Lucas, Respondent,
 
 
 

v.

 
 
 
 Grange S. Lucas and Mary
 King Lucas, Appellants.
 
 
 

Appeal from Charleston County
Jocelyn B. Cate, Family Court Judge

Unpublished Opinion No. 2011-UP-374
Submitted April 1, 2011  Filed July 21, 2011

AFFIRMED IN PART AND REVERSED IN PART

 
 
 
 Philip A. Middleton, of Charleston, for Appellants.
 Deena Smith McRackan, of Charleston, for Respondent.
 
 
 

PER CURIAM: In this appeal from the family court, George Lucas
 (Husband) argues the family court erred in awarding the parties' motor coach to
 Karen Lucas (Wife).  Husband also contends the family court abused its
 discretion in awarding attorney's fees to Wife.  We affirm in part and reverse
 in part.
FACTS/PROCEDURAL HISTORY
Husband and Wife were married
 in Hawaii on July 2, 1996, and no children were born of the marriage.  On the
 date of the final hearing, Husband and Wife were fifty-two years old.  Prior to
 the marriage, Husband obtained a degree in horticultural technology from
 a technical college.  However, Husband worked as freelance golf photographer
 during their marriage and earned approximately $900 per month.  Wife is a
 registered nurse and worked in the nursing field for a majority of the parties'
 marriage.  During that time, Wife earned between $58,000 and $90,000 per year. 
 Due to numerous health issues, Wife stopped working as a nurse in 2000 and
 began working as a freelance photographer with Husband.  After two or three
 years, she resumed working as a nurse, but due to complications caused by her
 medical conditions, she was unemployed on the date of the final hearing.  
The parties lived with
 Husband's elderly mother (Mother) in her home in Charleston, South Carolina,
 during the vast majority of their marriage.  During that time, the parties did
 not pay rent, but they paid the bills and helped to maintain the residence.  When
 the parties separated in September 2006, Wife moved in with her mother in
 Woodruff, South Carolina.  In September 2007, Wife filed for divorce based on
 one year's continuous separation.  
On the date of the final
 hearing, the parties owned no real property.  Their primary dispute centered around
 two items of personal property, namely a 1994 Georgie Boy Signature Swinger
 motor coach and a Ryder Cup collector's golf club.[1]  After hearing testimony from both
 parties, the family court issued a final divorce decree granting the parties a
 divorce based on one year's continuous separation.  In its decree, the family
 court found Wife made greater direct and indirect contributions towards the
 acquisition, preservation, and appreciation of the marital estate.  As a
 result, it awarded the Ryder Cup golf club to Husband and the motor
 coach to Wife.  The family court acknowledged Mother held title to the motor
 coach and had paid off the lien on the motor coach with funds drawn from an
 equity line on Mother's home.  However, the family court determined Husband's
 post-filing transfer of title to Mother was in bad faith.  Further, the family court
 held that any payment by Mother on the motor coach was either a gift or
 repayment for monies expended mainly by Wife for improvement and upkeep of Mother's
 home.  The court also granted Wife's request for alimony in the amount of $500
 per month and her request for attorney's fees and costs in the amount of
 $7,536.08.  This appeal followed.
STANDARD OF REVIEW
On appeal from the family
 court, this court reviews factual and legal issues de novo.  Simmons v.
 Simmons, Op. No. 26970 (S.C. Sup. Ct. filed May 9, 2011) (Shearhouse Adv.
 Sh. No. 16 at 29); Lewis v. Lewis, Op. No. 26973 (S.C. Sup. Ct. filed
 May 9, 2011) (Shearhouse Adv. Sh. No. 16 at 44).  Although this court reviews
 the family court's findings de novo, we are not required to ignore the fact
 that the trial court, who saw and heard the witnesses, was in a better position
 to evaluate their credibility and assign comparative weight to their
 testimony.  Lewis, Op. 26973 at 46-48.  The burden is upon the appellant
 to convince this court that the family court erred in its findings.  Id. at 49-51.  
LAW/ANALYSIS
I.     Motor Coach
Husband claims the family
 court erred in certain findings of fact, specifically the court's finding that
 Wife made a greater contribution to the acquisition, appreciation, and
 preservation of the marital estate, which it erroneously relied upon in
 determining Wife was entitled to the motor coach.  We agree.
At the final hearing, the
 parties testified they purchased the motor coach for approximately $30,000 in
 2002, by using Mother's home as collateral on the initial loan.  The motor
 coach was subsequently paid off in 2005 through an equity line taken out on Mother's
 home.  Wife did not claim she ever made any payments on the equity line but
 rather stated she had no involvement in the financing of the motor coach or in
 the refinancing of Mother's home.  On the other hand, Husband testified he,
 along with Mother and Husband's sister, was responsible for paying the $605
 monthly payment on the equity line.  The foregoing evidence indicates Husband
 made a greater contribution to the acquisition of the motor coach.  Furthermore,
 Wife's valuation for a motor coach of the same make and model reflected a
 decrease in value by almost half since the date of purchase.  Her valuation directly
 contradicts the family court's finding that the motor coach appreciated during
 the marriage.  Therefore, this finding is not supported by the record.  
Regarding Wife's contribution
 to the preservation of the motor coach, Wife testified she and Husband made
 substantial repairs to the motor coach.  However, Wife never testified she paid
 for these expenses directly out of her salary or that she was solely
 responsible for the insurance that ultimately paid many of the repair costs. 
 While Wife may have contributed her time and energy in the upkeep and
 maintenance of the motor coach, we find no evidence that her contribution was
 greater than that of Husband.  Further, the record demonstrates accounting for
 the depreciation in the motor coach in conjunction with the remaining balance
 on Mother's equity line[2] results in a windfall to Wife.  Specifically, Wife's valuation on the date of
 the final hearing for a motor coach of the same make and model ranged from
 $12,485 to $15,075.  The outstanding loan on the motor coach, which Mother paid
 off in 2005, totaled $29,520.  We recognize the motor coach is technically debt
 free because Mother paid off the loan with equity taken out of her home, but we
 find it inequitable to award Wife the motor coach free and clear when the
 resulting indebtedness is greater than the asset's value.[3]  Furthermore, we find it
 inequitable to award this asset entirely to Wife without any affirmative proof
 that she contributed to its acquisition or debt reduction, particularly when
 Mother, not Wife, is responsible for repaying that debt. 
Wife presented no testimony
 she made any payments on the motor coach or on the equity line.  Instead, Wife
 testified Husband and Mother financed the motor coach.  While her failure to
 make payments on the motor coach does not render it nonmarital property, we
 fail to see how an asset completely paid for by Mother and Husband, and for
 which Mother is still indebted, should be awarded to Wife.  Cf. Bowen
 v. Bowen, 280 S.C. 602, 604, 313 S.E.2d 362, 364 (Ct. App. 1984) (finding
 family court properly found house was not wife's sole property despite being
 titled in wife's name when husband made all mortgage payments on the house and
 wife's financial contributions were nominal).  Further, we disagree with the
 family court's finding that the payoff of the motor coach was either a gift or
 repayment for monies Wife expended to improve the house.  Neither Wife nor
 Husband ever testified Mother paid off the motor coach as a gift, but instead
 Wife stated Mother participated in financing the motor coach because the
 parties did not have sufficient collateral to secure the purchase of the motor
 coach on their own.[4]  Additionally, Wife's own testimony indicates the improvements and repairs to Mother's
 house were in lieu of paying rent.  As a result, we find the family court erred
 when it awarded the motor coach to Wife.  We reverse this portion of the family
 court's order.[5]
II.   Attorney's Fees
Husband also avers the family
 court erred in awarding attorney's fees to Wife.  We disagree.   
An award of attorney's fees
 and costs is a discretionary matter not to be overturned absent an abuse of
 discretion by the family court.  Donahue v. Donahue, 299 S.C. 353, 365,
 384 S.E.2d 741, 748 (1989).  To award attorney's fees, the family court should
 consider several factors, including: (1) ability of the party to pay the fees;
 (2) beneficial results obtained; (3) financial conditions of the parties; and
 (4) the effect a fee award will have on the party's standard of living.  E.D.M.
 v. T.A.M, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  
While Husband does not
 contest the reasonableness of Wife's attorney's fees,[6] he claims the requisite factors
 from E.D.M. do not support an award of fees to Wife.  We disagree and
 find the family court properly considered the appropriate factors in awarding
 Wife attorney's fees.  Specifically, the family court concluded Husband had "a
 superior financial condition and ability to pay both his and Wife's fees by
 reason of Wife's emotional and physical health."  Additionally, the family
 court found Wife obtained a beneficial result in the areas she requested relief
 and because Husband had the ability to earn a living whereas Wife did not, the
 imposition of fees against Husband would have a lesser effect on Husband's
 standard of living than that of Wife.  
Despite our decision to award
 the motor coach to Husband, we find Wife is entitled to attorney's fees. 
 First, while both parties' financial declarations reveal that neither party has
 a significant monthly income, Husband, despite being underemployed, was in a
 better financial position on the date of the final hearing to pay Wife's fees. 
 We recognize Wife's degree in nursing has allowed her to maintain a greater
 earning capacity in the past, which would otherwise increase her ability to pay
 her fees.  However, due to Wife's significant health issues, she is currently
 unable to maintain even part-time employment.  Further, even if Wife was
 gainfully employed, we cannot say an award of fees would be an abuse of
 discretion under the circumstances because each party's ability to pay is but
 one factor to consider in awarding fees.  See Harvley v. Harvley,
 279 S.C. 572, 576, 310 S.E.2d 161, 163 (Ct. App. 1983) (finding the fact that
 wife was gainfully employed and husband was unemployed did not deprive wife of
 award of attorney's fees when facts and circumstances of case merited
 imposition of fees against husband).   
Although we alter Wife's
 share of the marital estate, Wife has succeeded in part on other issues. 
 First, she requested a divorce based on one year's continuous separation and
 resumption of her maiden name, both which the family court granted.  Next, she
 sought permanent periodic alimony in the amount of $1,500 per month, and while
 the family court properly determined Husband could not afford to pay this
 amount given his current earnings, Wife succeeded in securing a $500 monthly
 alimony payment.  Additionally, Wife is entitled to the car dolly and all other
 personal property specifically granted to Wife in the final order.  
Our decision to reverse the
 family court on the motor coach issue does not completely negate Wife's
 beneficial results.  See Myers v. Myers, 391 S.C. 308, 322, 705
 S.E.2d 86, 94 (Ct. App. 2011) (finding wife was still entitled to a portion of
 her attorney's fees despite partial reversal because she succeeded on other
 issues); Golden v. Gallardo, 295 S.C. 393, 395, 368 S.E.2d 684, 685 (Ct.
 App. 1988) (finding the family court properly awarded the mother a portion of
 her fees and costs in suit brought by father to enforce visitation rights when
 both parties prevailed on some issues).  Moreover, as stated earlier, a party's
 success at trial is only one factor to be considered by the court in
 determining whether a party is entitled to attorney's fees.  See Upchurch
 v. Upchurch, 367 S.C. 16, 28, 624 S.E.2d 643, 649 (2006) ("Beneficial
 result alone is not dispositive of whether a party is entitled to attorney's
 fees."); Roberson v. Roberson, 359 S.C. 384, 393, 597 S.E.2d 840,
 844-45 (Ct. App. 2004) (finding wife was entitled to $8,000 in attorney's fees
 because she needed assistance to pay her fees, she succeeded on some of the
 contested issues in divorce, and the attorney's fees would have a greater
 impact on wife than on husband given their financial conditions).   Accordingly,
 we find that under these circumstances, the family court properly exercised its
 discretion in requiring Husband to pay Wife's attorney's fees.  
CONCLUSION
Based on the foregoing, the
 family court's order is
AFFIRMED IN PART AND REVERSED
 IN PART. 
WILLIAMS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] The parties purchased the motor coach in 2002 for $29,800, but Wife
 presented evidence that its value ranged between $12,485 and $15,075 at trial. 
 Wife estimated the golf club was worth approximately $2,500, which Husband did
 not contest at trial or on appeal. 
[2] Husband testified the equity
 line, which is capped at $50,000, has ballooned to approximately $48,000
 because he and Mother are taking monthly draws between $300 and $400 to pay
 living expenses. 
[3] Subtracting either the highest or lowest valuation submitted by Wife
 for the motor coach from the original purchase price results in a negative
 equity for the motor coach.
[4] Moreover, if Husband established the motor coach was a gift from Mother,
 it would be logical to conclude based on Husband's and Wife's testimony that Mother
 gifted the motor coach to Husband not to Wife.  Because a gift from a third
 party solely to one spouse should be treated as nonmarital property, this would
 also require awarding Husband the motor coach.  See Barr v. Barr,
 287 S.C. 13, 17, 336 S.E.2d 481, 484 (Ct. App. 1985) (holding a gift from a
 third party solely to one spouse should be treated as spouse's separate,
 nonmarital property).
[5] We decline to address Husband's remaining contention regarding whether
 his transfer of the title of the motor coach to Mother was in bad faith.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (finding appellate court need not review remaining
 issues when determination of a prior issue is dispositive).
[6] See Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313
 (1991).